ELSA MICHAEL, RESPONDENT, v. SOUTHERN LUMBER
COMPANY, INCORPORATED, APPELLANT.

Submitted December 6, 1924—Decided February 9, 1925.

1. A master is ordinarily liable to answer in a civil suit for the tortious act of his servant, if the act be done in the course of his employment in his master's service.
2. The question whether or not a chauffeur was acting within the scope of his employment at a given time depends upon the facts of the particular case, and is generally decided on presumptions and inferences from such ascertained facts.
3. For all acts done by a servant in obedience to the express orders or direction of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the service required, the instructions given, and the circumstances under which the act is done, the master is responsible; for acts which are not within these conditions the servant alone is responsible.
4. Where the evidence tended to show that the automobile that collided with plaintiff's car was owned by the defendant company, and at the time of the accident (in the month of January) was being driven by defendant's servant to Orange, with the express consent of the defendant, for the purpose of getting some clothes in preparation for a trip which he had been ordered to take that

day in the automobile to Long Island to make some collections for the defendant, such evidence justified the inference that the automobile was being driven by him as the defendant's agent, and that he was acting within the scope of his employment, even though it appeared that he had picked up some boys on the way and had them with him in the car at the time of the accident.

5. The action of the trial judge on an application for a continuance will not be presumed to be erroneous, but, on the contrary, every intendment is in its favor.

6. A motion for a continuance, made during the trial of a District Court case, upon the ground of the absence of a witness, is addressed to the sound discretion of the trial judge, to be exercised with a view to the manifest rights of the parties and the prevention of injustice and oppression under all the circumstances of the case, and the appellate court will not interfere with the exercise of this discretion unless the action of the trial court is plainly erroneous and is a clear abuse of its discretion.

----

On appeal from the First District Court of Newark.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Edwards & Smith.*

For the respondent, *Jacob L. Newman* and *Lionel P. Kristeller.*

The opinion of the court was delivered by

TRENCHARD, J.  On January 13th, 1924, an automobile owned by the plaintiff below was "parked against the curb" of Tremont avenue, in Orange, New Jersey.  It was struck and damaged by an automobile owned by the defendant Southern Lumber Company, and driven by the defendant Sol. J. Winnick.

At the trial of the action, brought to recover compensation for such injury, the judge, sitting without a jury, rendered judgment against both defendants, and the lumber company alone appealed.

The first point specified for reversal is "the refusal of the trial judge to grant a nonsuit for the defendant Southern Lumber Company on the ground that there was no evidence in the case to show that Sol. J. Winnick was acting as a servant or agent at the time of the accident."

We think that there is no merit in this point.

It is not disputed that the relation of master and servant existed generally between the company and Winnick. The evidence is ample and uncontradicted that he was employed by the defendant company.

Of course, a master is ordinarily liable to answer in a civil suit for the tortious act of his servant, if the act be done in the course of his employment in his master's service.

But the defendant company contends that there was no evidence that Winnick was acting as such servant within the scope of his employment.

Now, the question whether or not a servant was acting within the scope of his employment at a given time depends upon the facts of the particular case, and is generally decided on presumptions and inferences from such ascertained facts.

For all acts done by a servant in obedience to the express orders or direction of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the service required, the instructions given and the circumstances under which the act is done, the master is responsible; for acts which are not within these conditions the servant alone is responsible. *Bennett* v. *Busch,* 75 *N. J. L.* 240.

In the instant case the evidence showed that the automobile, which collided with the plaintiff's car, was owned by the defendant lumber company, and was being driven on the highway by Winnick at the time. This raised a presumption of fact (which, of course, was rebuttable) that the defendant company was in possession and control of the automobile through its servant, the driver, and that he was acting within the scope of his employment. *DeMott* v. *Knowlton,* 100 *N. J. L.* 296; *Tischler* v. *Steinholtz,* 99 *Id.* 149; *Mahan* v. *Walker,* 97 *Id.* 304. Other evidence, as stated, showed that Winnick was employed by the defendant company. Still other evidence tended to show that, at the

time of the accident, he was driving to Orange, with the express consent of an officer of the defendant company having authority to direct his conduct, for the purpose of getting some clothes (it being the month of January), in preparation for a trip which he had been ordered to take that day in the automobile to Long Island to make some collections for his employer, the defendant company. We think such evidence justified the inference that the automobile was being driven by him as the defendant's agent and that he was acting within the scope of his employment, even though it appeared that he had picked up some boys on the way and had them with him in the car at the time of the accident. *Venghis* v. *Nathanson, post p.* 110.

The only other point is that there should be a reversal because the trial judge refused to adjourn the trial to permit of the testimony of David Jacobson, the president of the defendant company, who was then "absent on the high seas."

We see no merit in this point. · Our examination of the record does not disclose that any such motion was made. If we assume that the colloquy between the court and counsel may be considered as such, it does not help the appellant. The action of the trial judge on an application for a continuance will not be presumed to be erroneous, but, on the contrary, every intendment is in its favor.

Moreover, a motion for a continuance made during the trial of a District Court case, upon the ground of the absence of a witness, is addressed to the sound discretion of the trial judge, to be exercised with a view to the manifest rights of the parties and the prevention of injustice and oppression under all the circumstances of the case, and the appellate court will not interfere with the exercise of this discretion unless the action of the trial court is plainly erroneous and is a clear abuse of its discretion. *Wait* v. *Krewson,* 59 *N. J. L.* 71; *Haines* v. *Roebuck,* 47 *Id.* 227; *Saxton* v. *Fuller,* 20 *Id.* 61; *M'Courry* v. *Doremus,* 10 *Id.* 245; *Ogden* v. *Gibbons,* 5 *Id.* 518.

Tested by these rules, the present judgment ought not be disturbed. The record discloses numerous adjournments

over a period of three months after the case was at issue, all of them said (and not denied) to have been on the application of the defendant. At the trial some very indefinite reference was made to an affidavit for continuance, but when and by whom it was made, and what its contents were, does not appear. The record does not disclose that any effort whatever was made to procure the attendance of the absent witness or to take his deposition. It, therefore, seems quite obvious that no abuse of discretion is shown.

The judgment under review will be affirmed, with costs.