FRED J. REINHARDT, PLAINTIFF, v. G. W. TISDALE, IN-
CORPORATED, A CORPORATION, AND JOSEPH A. BEL-
LOTT, DEFENDANTS.

Decided June 5, 1926.

**Negligence—Motor Vehicle Accident—Plaintiff was Struck by
Car in Hands of Employe of Defendant Company Who was
Lawfully in Possession and Operating Car of Defendant Bel-
lott, Taking Car to His Employer's Garage for Repairs—
Direction of Verdict in Favor of Defendant Bellott, and
Verdict of Jury Against Defendant Company—Driver was
Clearly in Service of the Defendant Company, and Court's
Refusal to Direct Verdict in Its Favor Sustained—Verdict
Under Circumstances Not Excessive.**

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rule, *Charles S. Gray* (*Edward A. Markley,* of
counsel).

*Contra, Wall, Haight, Carey & Hartpence* (*Albert F. Con-
way* and *Charles C. Keulgen,* of the New York bar, of coun-
sel).

PER CURIAM.

The defendants obtained a rule to show cause, at the Essex
Circuit of this court, why a verdict obtained by the plaintiff
against the defendant corporation for $6,000 should not be
set aside and a new trial ordered. The plaintiff's action was
against the defendant corporation and John A. Bellott. The
court directed a verdict in favor of the defendant Bellott.
The plaintiff used both to recover damages for injuries sus-
tained by him arising out of the following circumstances:
The plaintiff was in the employ of the Elcto Company on

September 27th, 1925, and on that day operated for his employer a light automobile delivery wagon, which the plaintiff brought to a stop in front of 759 Clifton avenue, in the city of Newark, for the purpose of making a delivery of a package. He reached into the body of the automobile to get the package, which he took and held in his left hand, and with his right holding on to the hand rail of the seat as he stood on the running board preparing to alight, his automobile was struck in the rear by the defendants' car with such force as to throw the plaintiff from the car upon the asphalt pavement, with the result that his left hip was broken.

The day was dry and clear. There was no claim made at the trial, nor is it urged before us that the fact which caused the rear-end collision and the resultant injury to the plaintiff was not a negligent one on part of the operator of the offending car. The disputed question was, and is, whether the operator of the car was in the employ of either of the defendants at the time. At the close of the case counsel of the defendant Joseph Bellott moved for a direction of a verdict on his behalf "on the ground that his car was not operated at the time of the accident by his agent or servant." The trial judge granted the motion. Counsel of the defendant corporation likewise made a motion on the same ground in behalf of the corporation. This motion was denied. Hence, the rule to show cause prosecuted by it.

On this branch of the case the question presented for determination is whether there was any evidence from which the jury was warranted to find that the operator of the car at the time of the commission of the negligent act was in the employ of the defendant company. The facts are these: The operator of the car was one Kerwin, who was in the employ of the defendant company. The owner of the car was Joseph A. Bellott, a physician, who at the time was the owner of two automobiles and was a customer of the defendant corporation. The defendant was the sales agent for Hupmobile cars in the city of Newark. Kerwin was the secretary and service manager of the defendant. The car in question was

bought by Dr. Bellott from the defendant, and from time to time had the defendant make needed repairs to it. There had been a course of dealing between the parties during which time the doctor bought several automobiles from the corporation. On the morning of the accident Dr. Bellott called at the sales room of the company for the purpose of leaving the car there for the day to be repaired, and on being informed by Mr. Kerwin that the repairs could be done so he could have the car back on the same day, the doctor told Kerwin that he had a Buick car which was at 790 Clifton avenue, and thereupon suggested to the former that he drive him in the Hupmobile to the place designated so that he could get and use his Buick car in which to make his round of professional calls while the Hupmobile was undergoing repairs, and then he could return with the Hupmobile to the garage of the defendant corporation so that the repairs could be proceeded with. There was also proof that on previous occasions the defendant corporation furnished a man to drive Dr. Bellott where he wanted to go when he was leaving a car to be repaired. Accordingly, Kerwin undertook to drive the doctor to No. 790 Clifton avenue, where Dr. Bellott got out and left the Hupmobile, giving Kerwin directions as to the route to follow in returning to the garage of the defendant company, and Kerwin driving off alone, and had gone only a little distance when he collided with the Eleto Company's automobile delivery wagon, as above detailed.

It is clear to us that the trial judge could not have properly directed a verdict for the defendant. In view of the undisputed facts that Kerwin was in the service of the defendant company, and in charge of its business, and was, at the time of the collision, on his master's business, for its benefit, namely, taking the doctor's automobile to his master's garage for the purpose of having repairs made by his master for one of its customers, it seems incomprehensible to us on what sound legal theory the case could have been properly taken from the jury, or how the jury could have found otherwise than a verdict for the plaintiff.

34

We find no merit in the reasons presented for a new trial based on alleged errors in the judge's charge, and his refusal to charge defendants' first, second, third, fourth, fifth, sixth and seventh requests to charge.

The trial judge charged: "If he was acting [referring to Kerwin] within the scope of his employment, and was the employe of C. W. Tisdale, Incorporated, and was executing the orders of his company and doing its work, actually engaged in serving it and he was negligent, the company is responsible." He was clearly doing the company's work and actually engaged in serving it when on his way with the automobile to its garage for the purpose of repairs.

Lastly, it is urged that the verdict is excessive. The jury awarded the plaintiff $6,000. The plaintiff was in his sixty-first year at the time of his injury. His left hip was broken. He was in the hospital for treatment from September 27th, 1923, till December 1st, 1923, a little over two months. He returned to work on April 28th, 1924, about seven months after the accident. He was earning $33 a week as driver and delivery man. His loss of wages was about $1,000. His injuries were very painful. His leg was shortened about an inch. We cannot say, under the circumstances, that the verdict is excessive.

Rule discharged, with costs.