CLARK H. NICHOLS, ADMINISTRATOR AD PROSEQUEN-
DUM OF CATHARINE NICHOLS, DECEASED, RESPOND-
ENT, v. BENJAMIN GRUNSTEIN, APPELLANT.

Argued October 22, 1928—Decided February 4, 1929.

For the appellant, *Alexander M. MacLeod* (*George L. Record,* of counsel).

For the respondent, *William George.*

The opinion of the court was delivered by

TRENCHARD, J. This suit was brought under the Death act (*Comp. Stat., p.* 1907) to recover the loss sustained by the next of kin in the death of Catharine Nichols, a little girl "about seven years old," who was run over and killed by a motor truck belonging to the defendant. The jury rendered a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed.

The first ground of appeal is that the judgment should be reversed because of error on the part of the trial court in refusing defendant's motion to .nonsuit. This motion was based upon the assertion that the child was guilty of contributory negligence as a matter of law.

We cannot say that the child was guilty of contributory negligence as a matter of law.

Between the time in life when a person is incapable of exercising the care and judgment necessary to avoid and avert danger, and the time when such person is in law an adult and responsible as such, there is a transition period during which responsibility depends on matters of fact, and in this transition period such person may or may not be guilty of contributory negligence.

The degree of care required of a child old enough to be capable of negligence, is such as is usually exercised by persons of similar age, judgment and experience. In order to determine whether such a child has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, and its experience and capacity to understand and avoid danger to which it is exposed in the actual circumstances and situation under investigation; and it is usually a question for a jury to determine whether the child has been guilty of contributory negligence. *David* v. *West Jersey and Seashore Railroad Co.,* 84 *N. J. L.* 685.

Now the accident in question occurred at the corner of Second street and Jersey avenue, in Jersey City. The child, "about seven years old," was on her way home from school, with her brother, who was some two or three years older than she. As the defendant's truck was approaching, but was some distance away, the little girl started to run across the street, pulling her hand away from her brother, who had hold of it. He called to her to stop, because he observed the truck, which he said was moving rapidly toward them. The little girl did not stop, and he ran after her, but was not able to overtake her in time to prevent the accident. It seems to us, in view of the age of the child and of the circumstances which we have related, namely, running away from her brother, who, she perhaps thought, was chasing her as a matter of sport—the question of the child's contributory negligence was for the jury and not for the court.

The second ground of appeal is that the judge erred in refusing to direct a verdict for the defendant. That motion was rested upon the contention that the accident occurred while the driver of the truck was not in the service of the defendant, his employer. That contention in turn is based on the fact that whilst delivering meats to different customers of the defendant the driver went out of his way to some extent to go to his home to get lunch. It is said that this was in direct violation of his instructions, which were to finish the deliveries without interruption, take the truck back to the defendant's garage, and then go and get his lunch or wherever he wished after his work was done. If this had been conclusively proved, it might have been argued with much force that, in violating his master's orders and taking the truck to his, the driver's, own home for the purpose of getting lunch, he was not in the service of his employer at the time of the accident. But that was not conclusively proved. The driver of the truck was asked this question by defendant's counsel, who had called him to the witness-stand: "Did you receive any instructions as to whether or not you were to go to dinner or lunch before you completed your deliveries?" Answer: "No, sir." The answer apparently was a surprise,

because the question was repeated as follows: "Did you understand what I said when I asked you, 'Did you receive any instructions from Mr. Grunstein as to whether you were to take your dinner before you finished your deliveries or deliver your meat before you took dinner?' Did he give you some instructions of that kind?" Answer: "No, sir." Being pressed by counsel, he soon afterwards testified that he did receive some instructions on this subject from his employer, and that he knew he was violating those instructions when he went to his lunch in the middle of the day and before he had completed his deliveries. What part of his testimony was true and what was false was for the jury to determine. And, as the driver was still in the employ of the defendant, the jury probably thought that he changed his testimony in order to benefit his master. We believe that his testimony made the question as to whether he was engaged in his master's service at the time of the accident, one for the jury. The proof of defendant's ownership of the motor truck, driven on a public highway, raised a presumption of fact that the defendant's servant, the driver, was acting within the scope of his employment; and when (as here) that presumption has not been overcome by uncontradicted proof, a motion to direct a verdict upon the ground that the driver was not engaged in his master's service, was properly denied. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149.

The only other grounds for reversal are directed at the refusal of the court to charge certain requests submitted by the defendant. One was with relation to the law of contributory negligence; but we find that the request was charged in substance and effect. The other request was directed to the question of whether the driver was acting within the scope of his employment at the time of the accident, and this we find also was charged in substance and effect. There was, therefore, no error in the refusal to charge the requests, for the rule is that a party has no just cause of complaint of refusal to charge requests which have been already charged in substance and effect. *Daggett* v. *North Jersey Street Railway Co.,* 75 *N. J. L.* 631.

The result is that the judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.