ROSE KATZ, INFANT, BY SAM KATZ, NEXT FRIEND, AND SAM KATZ, PLAINTIFFS-RESPONDENTS, v. KNIGHTS OF PYTHIAS BUILDING AND LOAN ASSOCIATION, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *George F. Lahey, Sr.*

For the plaintiffs-respondents, *Joseph N. Braff.*

PER CURIAM.

The action was commenced December 14th, 1931, in order to recover compensation for injuries sustained June 22d, 1931. The case was tried by the District Court, without a jury, July 7th, 1932.

The defendant requested an adjournment in order to obtain the testimony of two non-resident witnesses. Such applica-

tion was addressed to the sound discretion of the trial judge. There is nothing before us to show that the refusal of the motion was erroneous or a clear abuse of discretion. *Michael* v. *Southern Lumber Co.,* 101 *N. J. L.* 1; 127 *Atl. Rep.* 580.

It appears that the plaintiff Rose Katz, a minor fifteen years of age, lived with her father and mother in the second floor apartment of 202 Hawthorne avenue, Newark, a building owned and operated by the defendant. There was a common stairway used by the tenants who lived on the second and third floors. Rose, on her way to school on the day she was injured, was going down this flight of stairs. The first step was loose; the second somewhat weak, and being partly thrown she tried to save herself by stepping on the next lower step, and there she slipped on some garbage. Although she tried to catch the bannister she fell down most of the way.

The condition of the steps, both as to defects and filth, had been called to the attention of the landlord's representative, and repairs and better management had been promised. The trial judge could not have granted a nonsuit. *Ionin* v. *E. D. & M. Corp.,* 107 *N. J. L.* 145; 151 *Atl. Rep.* 640. The evidence supports the findings of the court, that the injuries were caused by the landlord's neglect and that the injured person had not assumed the risks incident to delay in effecting the promised repairs and improvement in service.

The judgment is affirmed.