MAX MARX, PLAINTIFF-RESPONDENT, v. ABRAM S. COR-NISH, DEFENDANT-APPELLANT, AND JOHN HUNT AND HENRY KOOPMAN, DEFENDANTS.

Submitted January 18, 1933—Decided July 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent, *Harry Steiner*.

For the appellant, *Pearce R. Franklin*.

PER CURIAM.

Abram Cornish, the defendant below, appellant here, was the owner of an automobile which he had loaned to Harry Koopman, his son-in-law. Arrangements had been made that

the car was to be repaired and that a garageman, Hunt, co-defendant below, should receive the car at the home of Mr. Koopman. Hunt received the car at about eleven-forty-five on the night in question, which was March 10th, 1932, and in driving it to his garage a collision occurred between this car and the car of the plaintiff, Max Marx, the respondent here.

It also appears that Cornish brought suit in another District Court against Marx and it was stipulated that the cases be tried together, and that the damages of Mr. Cornish were $259 and that the damages of Mr. Marx were $78. The cases were tried and the court, sitting without a jury, found in favor of the plaintiff, Marx, and against the defendants Cornish and Hunt in the sum of $78.

Cornish appeals, setting out five points, only one of which need concern us here, the other four being factual in nature and not, in our judgment, proper grounds for appeal. The single point is that the District Court erred in determining that the defendant Hunt was the agent or servant of the defendant Cornish in driving the car to the garage.

Hunt's testimony was that on March 10th, 1932, he had received word to call at the residence of Mr. Koopman for the purpose of receiving Mr. Cornish's automobile for repairs; that he arranged to receive the car, did receive it, and drove away and that at the intersection of Central avenue and South Thirteenth street, in Newark, while making a left-hand turn into the latter street, the collision occurred.

Mr. Cornish testified that he had allowed Koopman to use the car on this day on his own business and gave him instructions to have Hunt call for the car to make the repairs.

The court found as a fact that Hunt was guilty of negligence. The court also found that Hunt was the agent of Cornish and because of that finding entered judgment against both Hunt and Cornish for the sum of $78.

In entering judgment against Cornish, we think the court below was in error. Hunt, the garageman, was not on Cornish's business, but on his own. He undertook to call for this car, take it to his garage and repair it. Cornish, the owner, exercised no control whatever over him or his operation of

the car. From the time that Hunt took the car over under his control he was on his own business and not on the business of the owner. *Reinhardt* v. *G. W. Tisdale, Inc.,* 4 *N. J. Mis. R.* 527; 133 *Atl. Rep.* 523.

The judgment therefore in favor of the plaintiff against Abram Cornish will be reversed, and a *venire de novo* awarded.