SUSIE ONUFER, ADMINISTRATRIX OF THE ESTATE OF GEORGE ONUFER, DECEASED, AND EMIL ZAHURAN-SKY, PLAINTIFFS-RESPONDNTS, v. HELEN B. STROUT, DEFENDANT-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the defendant-appellant, *Charles Schmidt* (*Rupert F. Howlett,* of counsel).

For the plaintiffs-respondents, *Feder & Rinzler* (*John J. Breslin, Jr.,* and *William V. Breslin,* of counsel).

The opinion of the court was delivered by

WELLS, J.    This action arose out of an accident which occurred on a public highway when an automobile, owned by Helen B. Strout and driven by Peter Shaffer, collided with an automobile owned and driven by George Onufer.

Suit was brought against both Helen B. Strout and Peter Shaffer by George Onufer and Emil Zahuransky, a passenger in the Onufer automobile, the former claiming damages for injuries to person and property and the latter seeking compensation for personal injuries sustained in the collision.

George Onufer died before the trial, from causes entirely disconnected with the accident, and the suit was continued by the administratrix of his estate.

Verdicts were rendered in favor of both plaintiffs against the defendant, Helen B. Strout, a voluntary nonsuit having been entered, after the summation of counsel and just before the charge of the court to the jury, as to the defendant Peter Shaffer.

There seems to be no dispute that Peter Shaffer was either intoxicated or asleep at the time of the accident and that his negligence was the sole cause of the collision.

The defendant, Helen B. Strout, appeals from the judgments entered against her and urges as the main ground for reversal that the court should have directed verdicts in her favor, it being contended that there was no evidence from which the jury could find that Shaffer was Helen B. Strout's agent at the time of the accident.

The evidence showed that the car was owned by the defendant, Helen B. Strout.

We have repeatedly held that "proof of defendant's ownership of an automobile driven on a public highway, raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment.    Both or either of these presumptions may be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or of his servant, or was not being used by the servant within the

scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted. If, however, the evidence is contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the jury." *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149, and cases therein cited; *Okin* v. *Essex Sales Co.,* 103 *Id.* 217; *Dooley* v. *Saunders U Drive Co.,* 109 *Id.* 295, and cases therein cited.

It is contended by the appellant, Helen B. Strout, that the evidence established that although the car involved in the accident was owned by her and under the law was presumed to be under her control and operation, the uncontradicted proofs established that the car was out of her control, was not being used by or for her at the time of the accident and that therefore the presumption of law was so clearly overthrown as to require the court to deal with the question as one of law and not as one of fact for the jury.

We think there is merit in this contention.

It was established beyond question that Mrs. Strout, who lived in East Orange, owned two automobiles and that she frequently loaned one to her friend, Mrs. Coyne, who lived in Passaic, that for a week before the accident Mrs. Coyne had possession of and used for her own purposes the automobile involved in the accident; that Peter Shaffer, employed as a mechanic in a Ford garage at Passaic, was a frequent caller upon Mrs. Coyne at her home in Passaic and on one or two occasions, met there Mrs. Strout, whom he scarcely knew; that on the Saturday night preceding the Sunday on which the accident occurred, Shaffer called on Mrs. Coyne, took her out in his own car and left her at her home about eleven-thirty P. M.; that either at his own or Mrs. Coyne's suggestion when he left he took Mrs. Strout's automobile for the purpose of adjusting on the following day its brakes and steering gear, and that he was going to do this for Mrs. Coyne. He left his own car for Mrs. Coyne to use until he made the adjustments and returned the Strout car to Mrs. Coyne.

There was ample evidence by Shaffer, Mrs. Coyne and Mrs. Strout that Shaffer acted without the knowledge, authorization or consent of Mrs. Strout.

There can be no question that the presumption that Shaffer was Mrs. Strout's servant or agent at the time of the accident raised by her ownership of the car was overcome by the evidence submitted by the defendant unless the testimony of the plaintiff Emil Zahuransky was sufficient to raise an issue of fact. Zahuransky testified that several months after the accident he called upon Mrs. Strout and that Mrs. Strout then told him that she knew Shaffer; that on several occasions Shaffer was driving her car with her permission. Then followed the question propounded by plaintiffs' attorney to Zahuransky and answer thereto, which the trial court thought raised a question of credibility for the jury to decide.

The question was—"Did she [referring to Mrs. Strout] tell you anything about how he [referring to Shaffer] had the car on this particular occasion?"

Zahuransky's answer was—"Why Mr. Shaffer is a mechanic, and he was going to repair the car for Mrs. Strout. That is what she told me."

The trial court based its refusal to grant defendant's motion for directed verdicts in her favor upon this testimony, remarking that Mrs. Strout's denial was not definite, that she couldn't recall what she said.

This alleged conversation occurred nearly three years before and it is only reasonable to assume that Mrs. Strout would not be able to recall all the details of it.

Our examination of Mrs. Strout's testimony leads us to the conclusion that while she frankly stated, in answer to the question—"will you tell us the talk between you and Mr. Zahuransky, the words that passed between you"—that it was so long ago she couldn't recall, yet she did positively say that she did not talk with Zahuransky about the manner in which Peter Shaffer had come into possession of her automobile.

Assuming, however, that the conversation took place, as alleged by Zahuransky, we do not think that it constituted evidence of a master and servant, or principal and agent relationship. There was no proof whatever that Peter Shaffer was in the employ of Mrs. Strout. On the contrary, the uncontradicted evidence, including this alleged conversation,

is that Shaffer was an independent contractor, taking a customer's car to his garage to be repaired.

Neither Mrs. Strout, the owner, nor Mrs. Coyne, the custodian, of the car, exercised any control whatever over Shaffer, the performance of his work or his operation of the car. From the time that Shaffer thus took the car over, under his control, he was on his own business and not on the business of the owner or custodian of the car. *Marx* v. *Cornish et al.*, 11 *N. J. Mis. R.* 637; 167 *Atl. Rep.* 739; *Reinhardt* v. *G. W. Tisdale, Inc.*, 4 *N. J. Mis. R.* 527; 133 *Atl. Rep.* 523; *Whalen, Admr.*, v. *Sheehan*, 237 *Mass.* 112, and cases cited in Annotation on page 974 of 18 *A. L. R.*

We are of the opinion therefore that it was error to refuse to direct verdicts for the defendant and that the judgment for the plaintiffs against the defendant, Helen B. Strout, must be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.