NATHAN COOPERSMITH, PLAINTIFF-RESPONDENT, v. EDWARD KALT, TRADING AS KALT HEATING AND SUPPLY COMPANY, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the respondent, *Walter H. Flaherty* (*James T. Kirk,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an accident case. The sole issue presented is whether, at the time of the accident, defendant's automobile was being driven by his servant in the course of his employment so as to render the master liable to the plaintiff.

The learned trial judge submitted the cause to the jury, over defendant's objections, and that body returned a verdict of $3,000 plus costs ($66.30) in favor of plaintiff. The judgment entered upon the verdict so rendered was affirmed by the Supreme Court. Defendant, conceding that the questions of negligence and contributory negligence were properly submitted to the jury, appeals upon the sole ground that the Supreme Court erred in affirming the judgment of the court below because a verdict should have been directed for the defendant since "under the undisputed proof * * * the automobile of the defendant was not being operated by his servant or agent, or in and about his business, and therefore, any alleged negligence of the operator of the vehicle cannot be chargeable as a matter of law to the defendant, under the doctrine of *respondeat superior.*"

The applicable rules of law are well settled. When a defendant is the owner of an automobile which is being driven upon a public highway, there is a presumption of fact that such automobile was in the possession of such defendant, if not personally, then through its servant the driver. It is further presumed that the driver was acting within the scope of his employment. Both of these presumptions may, of course, be overcome by uncontradicted proof to the contrary. It is only when the evidence is contradictory or reasonably subject to contradictory interpretation that the question of liability is one for the jury. *Doran* v. *Thomson,* 76 *N. J. L.*

754; 71 *Atl. Rep.* 296; *Missell* v. *Hayes,* 86 *N. J. L.* 348; 91 *Atl. Rep.* 322; *Mahan* v. *Walker,* 97 *N. J. L.* 304; 117 *Atl. Rep.* 609; *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149; 122 *Atl. Rep.* 880; *Onufer* v. *Strout,* 116 *N. J. L.* 274, 276; 183 *Atl. Rep.* 215; *Efstathopoulos, Admr. ad. pros., &c.,* v. *Federal Tea Co.,* 119 *N. J. L.* 408.

Were the proofs here adduced contradictory or subject to contradictory interpretations, or were they sufficient to overcome the stated presumptions and thus leave nothing factually to be submitted to the jury? For the answer to this query, we recur to the facts, the material phases of which are not in dispute.

Defendant operated a business known as the Kalt Heating and Supply Company in Elizabeth, New Jersey. On the day of the accident he directed his employe, Goodson, to deliver a heater to 68 Fulton street in Elizabeth. It appears that one Branch, who performed odd jobs now and then for defendant, was directed to accompany Goodson and assist him in the delivery and installation of the heater. Accordingly the two men loaded the heater upon defendant's truck and proceeded to deliver it. They uncrated the heater on the sidewalk in front of the purchaser's premises, and then began to install it. After its installation, some discussion occurred between the purchaser and Goodson concerning payment. Branch left the premises during this discussion. He took the truck and proceeded to his mother's house which was relatively nearby, in order to get something to eat. When he arrived there he found the house locked with no one present. He then decided to go to his brother's house. En route thereto he met his mother on the street, had her get on the truck, turned about and proceeded back to her home. While on this journey the accident in question occurred.

Clearly under this posture of the proofs, there can be no question but what Branch was not acting for his master within the scope of his employment. His trip in defendant's truck from the home of the purchaser of the heater to the home of his mother and brother were in nowise connected with or incidental to his employment, which was merely to assist in delivering and installing the heater.

Cases of this character of necessity depend upon the facts of the particular case under consideration. Both the learned trial judge and the respondent rest heavily upon the holdings in the cases of *Michael* v. *Southern Lumber Co.*, 101 *N. J. L.* 1; 127 *Atl. Rep.* 580 (*S. C.*), and *Nichols* v. *Grunstein*, 105 *N. J. L.* 363; 144 *Atl. Rep.* 593. We are of the opinion, however, that the facts of these cases are clearly distinguishable from the facts in the case at bar. For, in *Michael* v. *Southern Lumber Co.*, *supra*, the evidence tended to show that, at the time of the accident, the servant was driving the automobile with the express consent of the master; and in *Nichols* v. *Grunstein*, *supra*, it was not conclusively proved that the servant was acting in violation of his orders at the time of the accident. Nor, contrary to respondent's contention, do the statements made by defendant to plaintiff, and to plaintiff's wife and daughter, create a contradiction in the testimony which would require the submission of the case to the jury. These statements, taking the view most favorable to plaintiff, are merely admissions of Branch's negligence in the operation of the truck. In no manner or in anywise do they concern the sole issue before us—whether Branch was acting within the scope of his employment.

We are rather of the opinion that the proofs adduced contained no contradictions, nor were they subject to contradictory interpretations so far as the scope of the servant's employment was concerned. It was, therefore, error not to direct a verdict in favor of defendant. *Cronecker* v. *Hall*, 92 *N. J. L.* 450; 105 *Atl. Rep.* 213; *Okin* v. *Essex Sales Co.*, 103 *N. J. L.* 217; 135 *Atl. Rep.* 821; *affirmed*, 104 *N. J. L.* 181; 138 *Atl. Rep.* 921; *Shefts* v. *Free*, 105 *N. J. L.* 577; 148 *Atl. Rep.* 185; *Onufer* v. *Strout*, *supra*.

Accordingly the judgment is reversed, and a *venire de novo* awarded; costs to abide the event.

*For affirmance*—The Chancellor, Bodine, Donges, Hetfield, JJ. 4.

*For reversal*—Lloyd, Case, Heher, Perskie, Dear, Wells, WolfsKeil, Rafferty, Walker, JJ. 9.