MARY SPENCE, PLAINTIFF-RESPONDENT, v. WILLIAM MAIER, DEFENDANT, AND DUGAN BROTHERS OF NEW JERSEY, INC., DEFENDANT-APPELLANT.

Argued May 4, 1948—Decided June 12, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Perry E. Belfatto.*

For the defendant-appellant, *Coult & Satz (Joseph Coult,* of counsel).

The opinion of the court was delivered by ·

BURLING, J. This is an appeal from a judgment of the Essex County Court of Common Pleas in 'favor of plaintiff in the amount of $10,000 and costs against ·William Maier, the individual defendant, and Dugan Brothers of New Jersey, Inc., the corporate defendant, resulting from a verdict of a jury. Maier has not appealed.

The individual defendant, Maier, was a salesman and delivery man for the corporate defendant. He worked on a commission basis and had a large degree of control of his working hours and time. From the evidence on the record it appears that when he reported for work. Maier would be charged with the value of goods placed on his truck and at the close of his route he would return the unsold goods and money, receiving credit for that which was returned.

On the day in question, Maier returned at his usual time, turned in his money and exchanged certain items for several loaves of bread which were to be delivered to some of his

customers on his way home. He loaded the bread in his own car and drove off. A short distance from the plant he collided with plaintiff and inflicted injuries upon her.

When called as a witness by the plaintiff, Maier testified that it frequently happened that during the service of his route he would encounter requests for items which he did not have in stock on the truck. When this happened he would obtain such items at the end of the day, usually by exchange for unsold goods, and deliver them on his way home.

Robert J. Bolen, the superintendent of the plant out of which Maier worked, was put on the stand by Dugan Brothers to show that the use of the salesman's own vehicle was unauthorized. However, on cross-examination it appeared that Bolen not only acquiesced in such a course of conduct but approved it because of the good will created among the customers. Although Bolen later denied this, it is apparent that the jury believed his first statements.

Where a servant, even in the execution of his general duty, uses an instrumentality not expressly or impliedly authorized by his master, and damage results, the master is not liable. *Blackman* v. *Atlantic City and Shore Railroad Co.* (*Court of Errors and Appeals,* 1941), 126 *N. J. L.* 458; *Lambert* v. *Salsky Trucking Co.* (*Supreme Court,* 1937), 118 *Id.* 485; *Wilson* v. *Pennsylvania Railroad Co.* (*Supreme Court,* 1899), 63 *Id.* 385; *Anno.* 166 *A. L. R.* 877; *Restatement, Agency,* 538, § 239; *Sanford* v. *Charles H. Totty Co.* (*Court of Errors and Appeals,* 1932), 110 *Id.* 262; *Klitch* v. *Betts* (*Court of Errors and Appeals,* 1916), 89 *Id.* 348 (at *p.* 352). In the instant case the evidence was conflicting and presented a proper question for the jury. *Dobrow* v. *Hertz* (*Court of Errors and Appeals,* 1940), 125 *Id.* 347; *McMillan* v. *Mather* (*Court of Errors and Appeals,* 1944), 131 *Id.* 309. By its verdict the jury resolved the issue against Dugan Brothers. Inasmuch as there is evidence in the record to support the verdict, we will not weigh or disturb it on appeal.

Appellant's motions for a nonsuit and to direct a verdict in its favor were, therefore, correctly denied by the trial court. In connection with these motions, appellant requested the

trial judge to rule as a matter of law that plaintiff was guilty of contributory negligence. To justify a nonsuit on the ground of the contributory negligence of the plaintiff, the contributory negligence must clearly appear conclusively as a fact or by necessary exclusive inference from the plaintiff's proof. *Ackerley* v. *Pennsylvania Railroad Co.* (*Court of Errors and Appeals,* 1943), 130 *N. J. L.* 292. There is no such showing here and the court properly left it for the jury to determine and which it did against the defendants.

The remaining exceptions deal with refusal by the trial court to charge certain requests by the defendants and with the admission and exclusion of certain evidence. As to the charge, those portions which were argued on appeal were charged in another form by the court and no error resulted. *Handelman* v. *The Bunker Hill Trans. Co.* (*Court of Errors and Appeals,* 1936), 116 *N. J. L.* 384. As to the remaining points, we have considered them and find there is no prejudicial error.

The judgment of the Essex County Court of Common Pleas is affirmed.