72 N.J. Super. 414 (1962)
179 A.2d 11
RICHARD S. WRIGHT, PLAINTIFF-APPELLANT,
v.
GLOBE PORCELAIN CO., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1962.
Decided February 16, 1962.
*415 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Alfred Abbotts argued the cause for appellant.
Mr. George Y. Schoch argued the cause for respondent (Mr. Seymour E. Siegel, of counsel; Mr. Irving H. Lewis, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
On January 29, 1960, an automobile owned by plaintiff Richard S. Wright, and operated by Margaret Wright, was damaged to the stipulated extent of *416 $710, when it was struck by a truck owned by defendant Globe Porcelain Co., and operated by an employee, Floyd E. Gibson. The Wrights sued in the Mercer County District Court for the damage to their car.
After a trial without a jury the district court found that the collision was due to the negligent operation of Globe's truck by Gibson and that Margaret Wright was not guilty of contributory negligence. The claim of Margaret Wright for damage to the Wright automobile was dismissed because she was not the owner of the vehicle. Richard S. Wright was allowed a judgment of $710 and costs against Floyd E. Gibson. The action against Globe Porcelain Co. was dismissed on the ground that, at the time of the occurrence, Gibson was not acting within the scope of his employment with Globe "because he specifically was instructed at an earlier date not to operate the truck and had received no order or permission to drive on the day of the collision," the trial court concluding that therefore "no agency existed between Gibson and Globe Porcelain Co. at the time of the occurrence."
Richard S. Wright alone appeals from that portion of the judgment which dismissed his complaint against Globe Porcelain Co. He contends that under the facts of this case Globe is liable to him under the doctrine of respondeat superior.
The parties have submitted the matter upon an agreed statement in lieu of the record, approved by the district court, which contains the aforesaid findings of fact and conclusions of law. The basic issue on appeal is whether Globe Porcelain Co. is liable for the negligence of its employee Gibson in view of the fact that Gibson was expressly forbidden to drive the truck which caused the damage to plaintiff's automobile. The evidence at the trial reveals the following facts which may aid in the solution of the problem.
Gibson was employed by Globe Porcelain Co. as a laborer and his assigned duty on the day in question was to load *417 Globe's truck. The truck had been driven forward into a bay which ran directly from and perpendicular to Bruenig Avenue in Trenton. The customary practice in loading the truck was to load it from the one side and then when the truck was half filled to back the truck out of the bay onto the street, turn it around, and back it into the bay for loading of the other side. Gibson had loaded the truck many times, usually with the help of another man, having been in Globe's employ since October 29, 1959. However, he had never previously backed the truck into the street. On the day in issue, Gibson had been directed by his supervisor, Elias Steinert, to load the truck with the assistance of a man named Jim. The loading took place during a time when Steinert and one Fred Williams, who drove the truck, were away at lunch.
When Gibson and Jim had loaded one side of the truck and the driver Williams was then not present, Gibson, although he was without a driver's license and had been expressly forbidden a few weeks prior thereto to drive the truck, undertook to back up the truck from the bay or driveway onto Bruenig Avenue, for the purpose of turning it around and backing it into the bay so that it might be loaded on the opposite side. In so doing, Gibson backed the truck into the right side of the Wright automobile, as it was passing at that time and place, and was negligent in failing to make proper observation of plaintiff's vehicle in the public street. Thus, there is no question that the evidence supports the trial court's finding of Gibson's negligence, of Margaret Wright's freedom from contributory negligence, and that Gibson was performing a task for the benefit of his employer, rather than his own personal benefit, at the time of the occurrence.
When Steinert hired Gibson as a laborer he learned that Gibson had no driver's license. Gibson was never authorized to drive Globe's vehicles. Furthermore, a few weeks prior to the collision in issue Gibson, although unauthorized, had driven Globe's truck within a building and had damaged the *418 truck by scraping off the paint, and at that time Steinert gave Gibson a specific order that he was never to drive any vehicle owned by the defendant company. This mandatory order had never been revoked, according to the trial court's finding.
The doctrine of respondeat superior makes the master liable for the tort of his servant, as long as the servant was acting within the scope of his employment. Prosser, Torts (1955), § 63, p. 351; Harper & James, Torts (1956), § 26.6, p. 1374. In cases where the servant acts by authorized means, in an authorized manner and in pursuit of his master's business, the master is clearly liable for the acts of the servant. This is nothing more than a simple illustration of the basic rule of agency, "qui facit per alium facit per se." On the contrary, where the act of the servant is unauthorized, expressly or impliedly, or is merely in furtherance of the servant's own purposes, the master is not liable because the act is obviously not within the scope of the employment. Coopersmith v. Kalt, 119 N.J.L. 474 (E. & A. 1937); Krolak v. Chicago Express, Inc., 10 N.J. Super. 60 (App. Div. 1950); Lustbader v. Traders Delivery Co., 193 Md. 433, 67 A.2d 237 (Ct. App. 1949).
But "if the act resulting in the injury complained of was within the scope of the servant's employment, the master will be liable therefor, although the act was in violation of the master's instructions as to the method of performing the work or expressly forbidden by him and without regard to the servant's motive." 39 C.J. 1285, § 1477 f; Warner v. Davis, 10 N.J. Misc. 539, 541, 159 A. 817 (Sup. Ct. 1932), affirmed o.b. 110 N.J.L. 458 (E. & A. 1933). See, too, 57 C.J.S. Master and Servant § 570, p. 313. In Klitch v. Betts, 89 N.J.L. 348, 351 (E. & A. 1916), the court said:
"The general rule is a very clear one that the master is liable for any act of his servant done within the scope of his employment, and if a servant is acting in the execution of his master's orders, and by his negligence causes injury to a third party, the master will be *419 responsible, although the servant's act was not necessary for the proper performance of his duty to his master or was even contrary to his master's orders." (Emphasis added)
To the same effect, see McCann v. Consolidated Traction Co., 59 N.J.L. 481, 487 (E. & A. 1896). In brief, "a master cannot avoid responsibility for the negligence of a servant by telling him to act carefully." Restatement, Agency 2d (1958), § 230, p. 511.
Despite the foregoing, our courts have stated and have purported to follow a rule that "where a servant, even in the execution of his general duty, uses an instrumentality not expressly or impliedly authorized by his master, and damage results, the master is not liable under the doctrine of respondeat superior." (Emphasis ours). Wilson v. Pennsylvania R. Co., 63 N.J.L. 385 (Sup. Ct. 1899); Glowacky v. Sheffield Farms, 4 N.J. Misc. 849, 134 A. 674 (Sup. Ct. 1926), affirmed 103 N.J.L. 697 (E. & A. 1927); Lambert v. M. Satsky Trucking Co., 118 N.J.L. 485, 488 (Sup. Ct. 1937); Blackman v. Atlantic City & Shore R. Co., 126 N.J.L. 458 (E. & A. 1941); Spence v. Maier, 137 N.J.L. 284, 285 (Sup. Ct. 1948), affirmed o.b. 1 N.J. 36 (1948); and Nicosia v. Marangi, 13 N.J. Super. 550, 556 (App. Div. 1951). Restatement, Agency 2d (1958), § 239, states the rule as follows:
"A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality which is of a substantially different kind from that authorized as a means of performing the master's service, or over the use of which it is understood that the master is to have no right of control." (Emphasis ours)
Appellant takes the position that this is an unnecessary and artificial rule; that in those cases in which the courts have stated this rule as a reason for exonerating the employer the same result would have been reached without the rule, because the employee's act was beyond the scope of the employment, the use of the forbidden instrumentality being the principal evidence of that fact; that an examination of the cases shows that the mere fact that a forbidden *420 instrumentality was used does not always exonerate the employer, and that the employer's exoneration depends not upon that isolated fact but upon whether that fact, together with all the other evidence, shows that the employee's act was beyond the scope of his employment. The fact of the use of an unauthorized instrumentality may itself be so important in the light of the nature of the instrument and all the other evidence that the employer would be entitled to a judgment as a matter of law, but the surrounding facts may never be ignored. Appellant contends that here the trial judge gave no consideration whatever to the surrounding circumstances and found for the employer only because the employee used a forbidden instrumentality. It is true that the judge's only finding of fact and conclusion of law touching on the subject was:
"6 (c) Defendant, Floyd E. Gibson, at the time of the occurrence, was not acting within the scope of his employment with Globe Porcelain Co. because he specifically was instructed at an earlier date not to operate the truck and had received no order or permission to drive on the day of the collision. Therefore, no agency existed between Gibson and Globe Porcelain Co. at the time of the occurrence."
If taken literally, we would be inclined to agree with appellant that the rule as generally stated is artificial and mischievous. However, we do not think that our decisions mean that the rule is to be enforced literally and that the use of an unauthorized instrumentality ipso facto exonerates the employer, without regard to the surrounding circumstances. Quite the contrary. For example, in Sibley v. City Service Transit Co., 2 N.J. 458 (1949), the defendant bus company was held liable for injuries sustained by its passengers due to the negligent operation of an army bus to which the passengers were transferred by defendant's bus driver after defendant's bus broke down on a cold night. The implied authority of the bus driver to transfer the passengers to a bus other than that authorized was deemed under the circumstances a proper question for the jury to *421 decide. Spence v. Maier, 137 N.J.L. 284 (Sup. Ct. 1948), upheld the jury's finding of a bread salesman's implied authority to use his own unauthorized automobile in making bread deliveries for his employer, instead of the company truck. See, too, Lewis v. National Cash Register Co., 84 N.J.L. 598 (Sup. Ct. 1913).
Harper and James (The Law of Torts, §§ 26 and 27, p. 1375) say that the employer is liable "even if the servant's conduct consists in acts or omissions which have been specifically forbidden, such as selling cartridges to a minor or performing the job while intoxicated, or using violence to eject trespassers. And it includes the use by the servant of a forbidden means or instrumentality in carrying out his assigned task, at least where the means chosen fall within the range of what the master might reasonably expect the servant to use."
In De Nezzo v. General Baking Co., 106 Conn. 396, 138 A. 127 (Sup. Ct. Err. 1927), the foreman in charge of bread production at defendant's bakery, finding that they had run out of yeast, took a company car in violation of company instructions, because he could get the yeast more quickly that way than if he had telephoned the supplier to bring it. The question of his implied authority to use the forbidden instrumentality under the circumstances was held to be properly submitted to the jury and its finding of liability was upheld.
In Fore v. McMillian, 272 P.2d 1036 (Okl. Sup. Ct. 1954), one Kent had been hired only as a helper on a truck and had been given no authority to drive it. While he and the authorized driver were out on the road in the performance of their duties, the driver left the truck with Kent in it and went to the side of the road to sleep off the effects of whiskey consumed on the job. Kent undertook to drive the truck back to his employer's garage. The issue of his implied authority to do so was left to the jury and its finding of such authority and the master's liability was upheld on appeal.
*422 In Great Atlantic & Pacific Tea Co. v. Noppenberger, 171 Md. 378, 189 A. 434 (Ct. App. 1937), a meat department manager was told by his supervisor to deliver meat one mile away, but was given no directions as to how to accomplish delivery. The manager directed a grocery clerk to use the manager's automobile to make the delivery and, in doing so, the clerk drove negligently and caused the injuries for which suit was brought. Though the manager had been warned not to use his automobile on company business, the company knew that he had done so on some occasions and took no adequate measures to prevent such use. Also, on the occasion in question the manager had no available means of complying with the order to make delivery other than those which he used. Under those circumstances, the doctrine of respondeat superior was held applicable, even though the employee was using a forbidden instrumentality. As the court observed (189 A., at p. 442):
"The whole question in the case was whether certain facts were legally sufficient to permit an inference of implied authority."
Thus, the necessities of a particular situation may be sufficiently compelling to give rise to a finding of implied authority to use an unauthorized or even forbidden instrumentality in the master's behalf. Ordinarily, the master who hires a coachman and a footman does not authorize or expect that the footman will occupy the coachman's seat, during the latter's absence. If the footman unauthorizedly or in violation of orders drives the coach and by his negligence causes damage, the master is not liable, unless implied authority for the footman's driving can be found to exist by reason of some special circumstances. In brief, the servant's act, even in advancing his master's interest, must have been authorized, either expressly or impliedly, to hold the master liable. Blackman v. Atlantic City & Shore R. Co., supra (126 N.J.L., at p. 459).
In the instant case, the attenuated record before us seems to indicate that the trial court found that the defendant *423 employer was not liable on the sole ground that the employee had been previously prohibited from driving the truck which caused the accident. Gibson claimed in his testimony that Steinert and Williams had expressly told him to back up the truck, but they denied it. The trial court evidently disbelieved Gibson. However, there was no specific finding that Gibson did or did not have any "implied authority," i.e., whether backing the truck was or was not within the scope of his employment by reason of the attendant circumstances. If such implied authority was lacking, then the defendant employer was not liable. But if implied authority to drive did exist at the time Gibson drove, the earlier prohibition against Gibson's driving would not per se preclude a finding that his employer was liable.
Gibson's testimony that he was assigned to load the truck at the time of the occurrence and as to the customary method of loading the other side of the vehicle was undenied by defendant's witnesses. In fact, Steinert, the supervisor, supported Gibson as to the customary method of loading the truck. The trial court made no finding contrary to the truth of Gibson's testimony as to either his specific work assignment at the time of the accident or as to the custom of turning the truck around in order to load it. It was thus open to the fact-finder to decide whether Gibson had implied authority, at least within the broad scope of the rule of respondeat superior as compared with the narrower confines of agency doctrine, to turn the truck around in order to avoid remaining idle on his work assignment. No finding of fact on this vital issue is before us.
Defendant Globe Porcelain Co. strongly urges that Nicosia v. Marangi, supra, is dispositive of plaintiff's claim against it. That case has one important factual difference. There, when the driver of defendant's garbage truck became ill during the tour of garbage collection, the foreman arrived upon the scene in a car in the course of his inspection duties, decided to take the driver home, and gave explicit orders that the helpers who lifted the garbage containers from curb to truck *424 were to remain where they were until he came back with another driver, or until he drove the truck. Thus, the whole work assignment of the lifters was temporarily suspended and they had no duties to perform pending return of the foreman. On those facts, without more, there was no basis for a finding of implied authority in the "lifter" who thereafter, in violation of instructions, drove the truck and caused the collision which gave rise to the action.
The record before us contains no transcript of the testimony. We presume that it was the usual district court trial without a stenographer, so that no transcript was made. Hence, the scanty appellate record precludes any original finding by us that the employee Gibson did or did not have implied authority to drive the truck which caused plaintiff's damage. Moreover, the trial judge who heard the case and had the opportunity of observing the demeanor of the witnesses and of evaluating their credibility is in a better position to make this necessary fact finding.
Accordingly, the matter is remanded to the district court for a specific finding as to whether from the circumstances attendant upon Gibson's backing out of Globe's truck on the occasion in issue it can be reasonably concluded that Gibson had implied authority to drive Globe's truck in order to fulfill his work assignment, notwithstanding the earlier prohibition against his driving any of Globe's vehicles. If it is found that such implied authority did not exist, the judgment in favor of Globe Porcelain Co. will be affirmed. If it is determined that such implied authority did exist, the district court should enter a judgment in favor of plaintiff Richard S. Wright, and against defendant Globe Porcelain Co., for $710 and costs. If not, the present judgment should stand.
If the district court can make the requested finding without a new hearing, it may do so. Otherwise, in its discretion, it may conduct a new or a supplemental hearing.
Costs on this appeal will abide the result.