THE CRAVENETTE COMPANY, U. S. A., RESPONDENT, v. C. A. WOOLSEY PAINT AND COLOR COMPANY, APPELLANT.

Argued May 26, 1926—Decided October 18, 1926.

Where the proofs show that the defendant knew the particular purposes to which paint, manufactured by it for the plaintiff, was to be applied, and also knew that the plaintiff relied on its skill and judgment in the manufacture of a product which would serve that particular purpose, the law implies a warranty by the defendant that the paint was reasonably fit for the purpose for which it was to be used.

---

On appeal from the Supreme Court.

For the appellant, *Charles L. Carrick.*

For the respondent, *Harry Lane.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal by the C. A. Woolsey Paint and Color Company, the defendant below, from a judgment entered against it on the verdict of a jury for dam-

ages alleged to have been sustained by the Cravenette Company, the respondent here and the plaintiff below, from the breach of an implied warranty of certain paint sold by the defendant to the plaintiff. The latter was engaged in the manufacture of cravenetted (or rubberized) cloth, and sought to obtain a paint to be used in the stamping of the plaintiff's trade-mark upon its product which would not penetrate the cloth to its face or show through on its face. The proofs submitted by the plaintiff tended to show that its predecessor in the business had applied to the defendant to furnish it with such a paint; that the defendant thereupon attempted to produce a paint which would meet with the requirements of the plaintiff's predecessor, and finally succeeded in doing so; that this paint was used not only by the plaintiff's predecessor, but by the plaintiff itself after it succeeded to the business, and was entirely satisfactory. The proofs further showed that sometime after the plaintiff had acquired the business of its predecessor it concluded that a change in the color of the paint used for the stamping of its trade-mark was desirable. It so informed the defendant, and the latter undertook to furnish the changed product. From time to time it sent samples of this new product to the plaintiff, which ran through the rubberized cloth, and were, consequently, rejected. Finally the defendant sent another batch of the new paint to the plaintiff's factory to be used by the latter, and with it one of its (defendant's) employes to mix it in the factory. This last batch, after being mixed by the defendant's employe, was used by the plaintiff, with the result that the paint ran through the cloth and destroyed its value. The loss thus occasioned is the basis of the present suit.

The only ground upon which we are asked to reverse the judgment before us is that the trial court erred in refusing to nonsuit the plaintiff, or direct a verdict in favor of the defendant. The reasons upon which this contention is based are three, which will be dealt with in their order.

The first reason in support of the appellant's contention is that the case is barren of any evidence to support a finding

that there was an implied warranty that this latter batch of paint would possess the qualities or fitness necessary for the particular purpose for which the plaintiff desired to use it, as that term is defined in the fifteenth section of our Uniform Sales act. *Comp. Stat., p.* 4650. The pertinent provision of that section is as follows: "Where the buyer, expressly or by. implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment * * * there is an implied warranty that the goods shall be reasonably fit for such purpose." As we have already pointed out, there was evidence that the defendant knew the particular purpose to which this paint was to be applied, and also knew that the plaintiff relied on its skill and judgment in the manufacture of a product which would serve that particular purpose. If this evidence is accepted as true then there was an implied warranty by the defendant that the paint was reasonably fit for the purpose for which it was to be used, and whether the testimony was to be accepted as true or not was a question to be determined by a jury and not by a court. The refusals to nonsuit or to direct a verdict on this ground were, each of them, proper.

The next contention is that these motions should have been granted, for the reason that the appellant company was not responsible for the defective condition of the paint, although that condition resulted from the act of its employe, who was sent to the plaintiff's factory to mix this product. The trial court properly held that the question whether the defendant's employe was its duly authorized agent in the doing of this work, and for whose acts it was responsible, was one of fact, to be determined by the jury, under the evidence submitted, and not one of law, to be determined by the court.

Lastly, it is argued in support of the appellant's contention that the loss sustained by the respondent in the destruction of the value of its property was not occasioned by any defect in the material sold—that is, in the paint actually furnished—but solely through the negligence of the respond-

ent's employes in their manner of using it. But our examination of the proofs leads us to the conclusion that, viewed in the light most favorable to the appellant, this was a disputed matter of fact and afforded no ground for either the ordering of a nonsuit or the direction of a verdict.

We, therefore, conclude that the judgment under review should be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 14.

*For reversal*—None.