CURTISS-WARNER CORPORATION, a corporation, complainant-
appellant.

*v.*

FREDERICK R. THIRKETTLE et al., defendants-respondents.

[Submitted February 11th, 1927. Decided May 16th, 1927.]

1. Where in a contract for the sale of lands the vendee has been
induced to purchase by reason of the fraudulent misrepresentations
of the vendor as to the existence of a street alongside the lot offered
for sale, the measure of damages upon such misrepresentation is the
difference between the value of the lot as conveyed and the purchase
price agreed upon therefor.

2. Such damages may be counter-claimed in equity in a suit by
the mortgagee to foreclose a purchase-money mortgage taken in part
payment of the purchase price of such lot.

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Berry, whose opinion is reported in *99
N. J. Eq. 806.*

*Mr. Philip J. Schotland,* for the appellant.

*Mr. Israel B. Greene,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

On a bill to foreclose a purchase-money mortgage upon
which there remained due an apparent balance of $1,206.50,
the defendants, mortgagors, set up as a counter-claim thereto
the fraudulent misrepresentation by the vendors as to the
existence of a street along the side of the lot purchased by
the plaintiff, an unperformed contract to construct sidewalks
and curbing thereon, that they were induced to purchase upon
such misrepresentation, and that they were damaged thereby
to the extent of the sum due on the mortgage. The vice-
chancellor advised a decree in conformity with the prayer of

the counter-claim, the result of which was to wipe out the claim of the complainant and a dismissal of the bill.

We agree with the conclusions reached by the vice-chancellor, but find in the opinion this observation:

"It seems to me that the question as to the actual value of this lot as an inside or corner lot should have very little weight in view of the fact, as I find it, that the Philmar Construction Company exacted $1,000 more for the lot on the basis of its being a corner lot than it would have required if it had been an inside lot. The right to relief is based not so much upon the difference in the value of the lot as it is, and as it was supposed to be, as upon the misrepresentation which was used as a lever to raise the price on the defendants."

The rule in such case in this state is that the purchaser is entitled to recover his actual loss, and this loss is measured by the difference between the price paid and the actual value of the property received. Whatever of variance there may be in other states from the rule above stated, there has been no departure therefrom in our own. *Crater* v. *Benninger, 83 N. J. Law 513; Duffy* v. *McKenna, 82 N. J. Law 67; Martin* v. *Baldwin, 90 N. J. Law 244; Mitchell* v. *Bassett, 99 N. J. Law 113.* In *Crater* v. *Benninger,* Chief-Justice Beasley, speaking for this court, said: "Where the sale itself is the product of fraud the vendee may either repudiate the contract or claim by way of damages the difference between the price paid by him and the real value of the property he has acquired."

Tested by this rule the defendants in the court below were entitled to recoup against the mortgage the difference between the price paid for the lot and its value as an inside lot. To determine this difference, ascertainment of the value of the property actually received was essential. On the other hand, the mere boosting of the price or the exaction of an extra $1,000 on the basis of its being a corner lot, could not justify a recoupment unless the purchaser had paid a greater sum than the lot was worth.

With this qualifying comment, the decree is affirmed on the opinion filed in the court below.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-KER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.