JOSEPH LASKOWSKI, PLAINTIFF, v. EMERY MANKOVICH ET AL., DEFENDANTS.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *Collins & Corbin.*

*Contra, David T. Wilentz.*

PER CURIAM.

The plaintiff brought suit to recover compensation for injuries received by him and resulting from his being struck and knocked down by an automobile driven by the defendant Mankovich. The accident occurred in Perth Amboy on the 20th of February, 1930, at about nine o'clock in the

evening. The plaintiff was a resident of Perth Amboy, his home being located on State street in that city. He left it for the purpose of going to a bakery shop which was on the other side of the street. In going, he walked down to the corner of State and Wayne streets, and there crossed over to the side of State street upon which the bakeshop was located. He then walked down to the shop, made his purchase, and then walked along State street until he came opposite to his home, which was about half way between Wayne street and James street, the next intersecting highway, and then undertook to cross the street in the middle of the block. Before stepping off the curb he looked in the direction in which the defendants' car was coming and saw the headlights of the car, but as he said, could not see the body of the car nor tell how fast it was going. Then, without any further observation, he started to cross the street, and when he was some four feet or more from the curb on the far side, he was struck by the defendants' automobile which was traveling on its right side of the highway.

It is first contended as a reason for setting aside the verdict that the finding of the jury that plaintiff was not guilty of contributory negligence is contrary to the great weight of the testimony. It seems to us that his own story shows that the accident was largely the result of his own negligence. He observed the car coming, he was not able to tell the speed at which it was traveling, and then undertook to cross over the street without making any further observation, making no attempt to see whether the car was approaching so rapidly as to be a threat of danger to him. The speed of the car, as the uncontradicted testimony on the part of the defendant shows, was about twenty miles an hour, and that was not in excess of the speed allowed by the traffic law at a location like that where the accident happened.

It is also urged, as a reason for setting aside the verdict, that it is excessive. The jury awarded the plaintiff $6,000 as compensation for the injuries received by him, plus the amount expended in the treatment of his injuries, to wit,

$241. The injuries included a fracture of the right ankle, a laceration of the scalp, and also two ulcers which developed on the leg as a result of the fracture thereof. As a result of the fracture the plaintiff walks with a limp, and according to the testimony of the physicians, this is a permanent condition. Although the verdict seems quite generous, we are not prepared to say it is so clearly excessive as to justify the court in setting it aside on that ground as well as on the ground of contributory negligence.

For the reason first indicated, our conclusion is that the rule should be made absolute.