SIDNEY J. SCHWARTZ AND M. ESTHER SCHWARTZ, PLAINTIFFS–RESPONDENTS, v. HARRY ROTHMAN,
DEFENDANT–APPELLANT.

Argued November 29, 1948—Decided December 20, 1948.

*Mr. George F. Losche* argued the cause for defendant-appellant.

*Mr. Paul T. Huckin* argued the cause for plaintiffs-respondents (*Messrs. Huckin & Huckin,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J. This is an action in deceit alleging that the appellant, a real estate broker, misrepresented the boundaries of the property in question which he sold to the respondents. The jury returned a verdict in their favor for $7,001.50. From the judgment so entered the appellant takes this appeal.

The respondents, being interested in purchasing the land in question, went to the premises with the appellant, who pointed out what purported to be the boundaries of the property. They allege he represented the premises, fronting on Knickerbocker Road, extended south along a rock wall all the way over to adjoining property, thereby presenting it in the form of a square. As a matter of fact, it did not extend to the point designated but was approximately 256 feet short. A driveway leading to the house on the premises wound through the land misrepresented by the appellant to be part of the area to be sold. After looking at the property and returning to the house, the respondents again asked that the boundaries be pointed out to them, which was done. Schwartz admits he was of a suspicious nature in the purchase of real estate and had asked for the repeated demonstration of the boundaries since he wanted to make sure the broker was not "putting anything over" on him.

The parties returned to the appellant's office, signed a memorandum of agreement to purchase the premises for $15,000 and subsequently a formal contract for the sale was executed. Appellant's son acted as the lawyer for the Schwartzes, made a title search and represented them at the closing. Title was

passed, and after returning to their home following the closing, the respondents discovered the discrepancy.

It is contended (1) there should have been a nonsuit or a directed verdict because there was no reliance upon the representation made, and (2) there was error in the charge to the jury as to the measure of damage.

As to the first contention, in *Scarano v. Lindale,* 121 *N. J. L.* 549 *(E. & A.* 1938), the court, commenting on the direction of a nonsuit or verdict, said:

"In passing upon such motions the evidence will not be weighed. All the proofs which support the claim of the party against whom the motions are made must be accepted as true and he is entitled to the benefit of all legitimate inferences which may be drawn therefrom. Where fair minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury."

According to the respondents, the question of boundaries did not arise at the time of closing and they did not see a map until they reached home after the title was closed, at which time they discovered the error. The appellant, on the other hand, says that the Schwartzes wanted to see the abstract and his son, George Rothman, the attorney, gave them the abstract and pointed out the lay of the lots which were marked in red. The attorney testified he checked the lot numbers at the closing with the deed and showed the respondents the sketch with the lots to be conveyed outlined in red. He admits, however, that no question of discrepancy as to title or boundaries arose at the time. The owners' lawyer testified there were papers, including a map, on Rothman's desk but he was not aware of any discussion in reference to them.

Hence, there were disputed facts about the representations made, the falsity and the reliance placed upon them by the parties defrauded and the extent of the investigation made. Fair-minded men might well differ as to the facts involved, and the issues were therefore properly submitted to the jury, which had the benefit of a view of the property under the direction of the court. We see no error in this respect.

As to the second point, to wit, that there was error in charging the measure of damages to be applied, we encounter an al-

leged conflict of decisions as to the correct principle. Recovery for the difference between the price paid and actual value of the property acquired, commonly known as the "out-of-pocket" rule, was approved in *Crater v. Binninger,* 33 *N. J. L.* 513 *(E. &. A.* 1869); *Duffy v. McKenna,* 82 *N. J. L.* 62 *(Sup. Ct.* 1912); *Mitchell v. Bassett,* 99 *N. J. L.* 110 *(E. & A.* 1924); *Curtiss-Warner Corp. v. Thirkettle,* 101 *N. J. Eq.* 279 *(E. & A.* 1927). On the other hand, in *Batura v. McBride,* 75 *N. J. L.* 480 *(E. & A.* 1907), the recovery was for the difference between the price paid and the value of the property had the representations been true. This is commonly designated as the "benefit-of-the-bargain" rule.

The trial court originally charged the jury:

"The rule of law is that the measure of damage would be the difference between what they thought they were getting and what they actually got."

The exception taken was:

"I except to that part of the Court's charge, wherein the Court said that the measure of damages is the difference between what the plaintiffs thought they were getting and what they actually got. It is not what they thought; it is what was represented to them that they were to get."

The record then shows that the jury returned to the courtroom for the purpose of having its recollection refreshed as to certain parts of the testimony and the trial judge then met the objection of counsel and charged the jury as to damages, to which no exception was taken.

 It is frankly conceded that the appellant then considered the rule of damages to be that laid down in the *Batura* case, supra, but a reversal and a retrial is now sought for the failure of the court to apply an entirely different standard which is now submitted for the first time and which was not called to the court's attention either by an exception to the charge as made or by a request to charge containing the rule the appellant now thinks is applicable.

This is contrary to our well-established principles of procedure. The parties are bound by the record and by the reasons and ground upon which they relied and advanced to the court

below. The appellant's present contention as to his version of the correct measure of damages is therefore not properly before us for a decision. *Woodward v. Harden,* 102 *N. J. L.* 31 *(Sup. Ct.* 1925*).*

The judgment below is accordingly affirmed.

*For affirmance:* Chief JusticeVANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD and ACKERSON—6.

*For reversal:* None.