JOHN CALLAHAN, PLAINTIFF-APPELLANT, v. NATIONAL
LEAD CO., TITANIUM DIVISION, DEFENDANT-RESPOND-
ENT.

Argued February 14, 1950—Decided March 13, 1950.

*Mr. Meyer W. Jaffe* argued the cause for the appellant (*Mr. Jacob Levinson,* attorney).

*Mr. Gerald T. Foley* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J.   An appeal was made to the Appellate Division of the Superior Court from a judgment of the Middlesex County Court dismissing the plaintiff's action for personal injuries.   Pending disposition in the Appellate Division, it has been certified on our own motion.   The gravamen of the complaint is the alleged actionable negligence of the defendant.   The judgment of dismissal was entered on defendant's motion upon conclusion of the plaintiff's case on the ground that the plaintiff failed to establish actionable negligence of the defendant in that the instrumentality which it is alleged caused the injuries to the plaintiff was under the control of the defendant.

In his complaint, the plaintiff alleged that on June 30, 1947, he was working on a mobile scaffold, while in pursuance of his duties as an employee of one Schoonover, an electrical contractor who had been engaged to do work upon the defendant's premises, and that the scaffold was struck by a vehicle which was being operated in a negligent manner by an employee of the defendant with resultant injuries to the plaintiff.   The defendant's answer denied the allegations and pleaded separate defenses of contributory negligence and assumption of risk.

At the trial, on October 25, 1949, the plaintiff testified that he was working for an independent contractor in a new warehouse and inferentially testified that it was being constructed on the defendant's property; that something struck the scaffold on which he was working but that he did not see what struck it. A fellow employee, who was also working for Schoonover, testified that he saw a jitney propelled by electric power strike the scaffold on which the plaintiff was working.

No other evidence was offered by the plaintiff with respect to the ownership or operation of the vehicle. The trial court concluded that there was no proof that the offending vehicle was under the control of the defendant and granted the motion of the defendant for a dismissal of the action. The plaintiff contends that the trial court's action of dismissal was error. We concur in the action of the trial court.

It is fundamental that negligence must be proved; it will not be presumed, and the mere occurrence of an accident causing injuries is not alone sufficient to authorize an inference of negligence. *Oelschlaeger v. Hahne & Co.*, 2 *N. J.* 490 (*Sup. Ct.* 1949).

While our courts have decided that proof of ownership of a vehicle raises a presumption of fact that the vehicle was in the possession of the defendant, if not personally, then through his servant or employee, and that such servant or employee was acting within the scope of his employment, *Conway v. Pickering*, 111 *N. J. L.* 15 (*E. & A.* 1933), the burden of proving such ownership must be borne by the plaintiff; until such ownership is proved there arises no presumption that the use of the vehicle was under the control of the defendant. See *Stevenson, Negligence Law in New Jersey* (1945) *p.* 321, § 12. Ownership may be proved by circumstantial evidence; for instance, where some *indicia* of ownership is shown, such as the inscription of the defendant's name on the vehicle, it is sufficient to justify the inference that the defendant was its owner and such inference establishes *prima·facie* that the defendant was in possession and control of the vehicle. *Dennery v. Great Atlantic and Pacific Tea Co.*, 82 *N. J. L.* 517 (*E. & A.* 1911).

A review of the proofs offered by the plaintiff fails to disclose any direct evidence of ownership or control by the defendant of the offending vehicle, or any circumstantial evidence which would justify an inference greater than a mere possibility of defendant's ownership or control. The plaintiff testified inferentially that the defendant was the owner of the premises upon which a new warehouse was being constructed but offered no evidence that the defendant was conducting any business therein. There was no evidence that any employee or representative of the defendant was in the warehouse at the time of the injury, or that the work in which the vehicle was engaged at the time of the injury was under the control of the defendant. Nor was there any evidence that any of the vehicles referred to in the testimony bore any insignia or inscription indicating their ownership. There was evidence that independent contractors, in addition to plaintiff's employer, were performing work in the warehouse but no effort was made by the plaintiff to disclose the nature of the work being done by the other contractors or to exclude the possibility of ownership or control of the vehicle in question by such other contractors. The only evidence seeking to connect the defendant with the incident was the testimony that the offending vehicle was carting pigment and that it was of a particular design apparently adapted for such work. The absence of any proof that the defendant was engaged in any work in the warehouse and the presence of proof that various independent contractors were engaged on the premises without any disclosure as to the nature of the work being done by them or the equipment being used by them leaves nothing but the barest speculation as to defendant's responsibility for the alleged injury. Our courts have repeatedly decided that the existence of a possibility of a defendant's responsibility for a plaintiff's injuries is insufficient. In the absence of direct evidence, it is incumbent upon the plaintiff to prove not only the existence of such possible responsibility, but the existence of such circumstances as would justify the inference that the injury was caused by the wrongful act of the defendant and would *exclude* the idea that it was due to a

cause with which the defendant was unconnected. While proof of certainty is not required, the evidence must be such as to justify an inference of probability as distinguished from the mere possibility of negligence on the part of the defendant. *McCombe v. Public Service Railway Co.*, 95 *N. J. L.* 187 (*E. & A.* 1920); *Woschenko v. C. Schmidt & Sons*, 2 *N. J.* 269 (*Sup. Ct.* 1949).

The plaintiff argues that possession of personal property is *prima facie* evidence of ownership and cites various cases in support of such proposition. This premise falls since there was no evidence that the offending vehicle was in the possession of the defendant. The fullest effect that can be given to the only pertinent evidence is that the jitney was being operated on the premises of the defendant which were still under the course of construction. From the facts presented, there is no inference that the vehicle was owned by or under the control of the defendant.

While a motion for the dismissal of an action admits the truth of the plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom which is favorable to the plaintiff, and denies only its sufficiency in law, where the plaintiff's evidence is equally consistent with the absence of negligence as with the existence of negligence on the part of the defendant, the plaintiff cannot prevail. *Oelschlaeger v. Hahne & Co., supra.* In the *Oelschlaeger case,* while ownership of the personal property by the defendant was not in dispute, this court affirmed the trial court's action in dismissing the complaint at the close of the plaintiff's case. The proofs were that the plaintiff allegedly sustained personal injuries as the result of a fall over a stool in the shoe department of the defendant's store. There was no proof as to who placed the stool in its particular position. The rationale of our decision was that in the absence of any proof that the stool was placed in its particular position by an employee of the defendant it was equally reasonable to infer that the stool had been so placed by a customer.

The accident is alleged to have occurred on June 30, 1947. Suit was commenced on November 5, 1948. It does not ap-

pear that in the interim any contact was made with the defendant to ascertain the essential facts relating to the operation of the offending vehicle. The defendant's answer did not admit ownership. The pretrial order, dated September 29, 1949, contained no stipulation of ownership. The plaintiff should have had no doubt concerning the necessity of his proving ownership or control of the vehicle. Any possible doubt was dissipated at the pretrial conference when in response to an inquiry of the plaintiff's attorney with respect to the particular vehicle, the defendant's attorney said that "he could not identify the vehicle" and that "he had no knowledge of it."

Our pertinent Rules of Civil Practice were designed to afford parties litigant avenues of inquiry before trial in order that substantial justice might be achieved. *Rule* 3 :26–1 permits the taking of testimony by deposition of any person, including a party, upon oral examination or written interrogatories, and provides that the attendance of witnesses may be compelled by the use of subpoena. *Rule* 3 :26–2 details the broad scope of the permitted examination. *Rule* 3 :33 permits the obtaining of information through the *media* of depositions *and* interrogatories. *Rule* 3 :34–1 permits discovery, by motion, to inspect designated books, documents or *tangible* things which constitute or contain evidence relating to any matter within the scope of the examination permitted by *Rule* 3 :26–2. Ample avenues were thus provided for the plaintiff to have obtained adequate and essential information regarding the ownership or operation of the offending vehicle prior to the trial but it appears for some undisclosed reason that he did not elect to utilize any of them.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING and ACKERSON—5.

*For reversal*—Justice HEHER—1.