FLEXMIR, INC., PLAINTIFF-APPELLANT, v. LINDEMAN & COMPANY, DEFENDANT-RESPONDENT.

Argued April 17, 1950—Decided May 8, 1950.

510 

*Mr. Raymond W. Troy* argued the cause for the appellant (*Messrs. Lum, Fairlie & Foster,* attorneys), *Mr. Vincent P. Biunno* on the brief.

*Mr. Louis K. Press* argued the cause for the respondent, *Mr. Irving N. Yankowitz* on the brief.

The opinion of the court was delivered by

OLIPHANT, J. This appeal is from the granting of a motion made by the defendant to dismiss the action at the close of plaintiff's case. *Rule* 3:41–2. While the appeal was from the Superior Court, Law Division, Essex County, to the Appellate Division it was certified here on our own motion.

The basic question involved is whether the evidence presented by the appellant, together with the most favorable inferences legitimately to be drawn therefrom, was sufficient to present a jury question as to whether or not there was a breach of an implied warranty on the part of the defendant-respondent.

The complaint was in two counts, the first grounded in negligence, the second on an alleged breach of an implied warranty, and sought damages resulting from an explosion and fire. The first count was abandoned.

The proofs showed appellant's plant, located in Newark, was heated by an oil-fired steam system equipped with an "Enterprise" oil burner with a pre-heating unit. Such equipment is known as an industrial installment, designed to burn industrial or heavy grade fuel oils known as grades No. 5 and No. 6. Grade No. 6 oil is of very heavy consistency and cannot be burned effectively without pre-heating, No. 5 can be used satisfactorily in most instances without pre-heating, but No. 2 flows and burns without pre-heating and if preheated in equipment designed to burn No. 5 and No. 6 oil vaporizes and reaches its flash point in the pre-heater.

Respondent is and has been engaged in the fuel oil business for many years and for about two years prior to January 2, 1948, appellant obtained all its fuel oil requirements from it,

deliveries being made once or twice a week. The practice was that whenever oil was needed appellant merely called respondent, whereupon a delivery was made. At no time had appellant ever specified either the grade or quantity of oil. Respondent during all the time delivered either No. 5 or No. 6 oil. There was also evidence, of slight probative value, that on one occasion respondent had serviced appellant's oil burner.

On January 2, 1948, appellant, as was its custom, notified respondent it needed oil and two hundred gallons of No. 2 grade were delivered. Respondent did not advise appellant of the propensities or characteristics of the No. 2 oil nor did it advise it to eliminate or disconnect the pre-heating unit. One of appellant's employees, who was in charge of the heating equipment, received the oil and could have known from the delivery slip that No. 2 oil was delivered. He testified he knew the difference between No. 2 and No. 6 oil, that the former is lighter, but that he did not know the oil burner would not properly burn the No. 2 grade.

When the No. 2 oil passed through the pre-heater it vaporized and then passed into the combustion chamber of the burner, where, upon ignition, the explosion followed by a fire occurred. It is the damages resulting from this fire and explosion which appellant seeks to recover.

An expert witness produced on the part of the appellant testified the explosion and fire were caused by the use of the No. 2 oil.

The trial court granted defendant's motion for dismissal on two grounds, (1) that there was no implied warranty under the facts in the case, and (2) that the plaintiff should have negatived the possibility that there might have been some other cause for the occurrence.

Appellant's claim arises by virtue of the statute, *R. S.* 46:30–21(1), which provides as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required,

and it appears that the buyer relies on the seller's skill or judgment * * * there is an implied warranty that the goods shall be reasonably fit for such purpose."

Two elements must be established for the application of this statute: (1) the seller must have been informed, either expressly or impliedly, of the purpose for which the goods were bought, and (2) the buyer must have relied on the seller's skill and judgment.

It seems clear to us that there was evidence, direct and inferential, that the respondent knew the particular purpose, the type of oil burning equipment of appellant, in which the oil was to be used. The respondent had been in the oil business for many years and knew or should have known the various types of oil burners in general use and the methods required for their safe operation, and particularly what grades of fuel oil were proper to be used in them. It had furnished No. 5 and No. 6 oil to the appellant for about two years and that brought home to it the fact that a pre-heating unit was attached to the appellant's oil burner, which would not properly and with safety burn No. 2 oil.

The appellant did not specify any particular grade of oil when it placed its original order and from this fact it can be properly inferred that the appellant relied on respondent's skill, experience, and judgment to furnish the grade of oil which its needs required. A seller's occupation is important evidence of the justifiableness of the buyer's reliance. Where the buyer specifies the type or grade of goods in his order no inference of reliance on the seller's knowledge or skill or judgment may be drawn.

If the evidence established by the appellant is accepted as true then there was an implied warranty by the respondent that the oil it furnished was reasonably fit for the purpose for which it was to be used, and whether this testimony was to be accepted as true or not and whether or not these legitimate inferences were to be resolved in the appellant's favor were questions for a jury and not for the court.

*Cravenette Co. v. C. A. Woolsey, etc., Co.*, 103 *N. J. L.* 49 (*E. & A.* 1926).

██ ██ The learned trial judge was also in error in his ruling that the appellant was required to negative the possibility that there might have been other causes for the fire and explosion. Aside from the fact that appellant's expert testified affirmatively that the use of the No. 2 oil caused the explosion and fire, the rule is that a plaintiff is not required to prove with certainty that a defendant's act caused his damage. The test is one of probability. The evidence must be such as to justify an inference of probability as distinguished from mere possibility. *McCombe v. Public Service Railway Co.*, 95 *N. J. L.* 187 (*E. & A.* 1920); *Woschenko v. C. Schmidt & Sons*, 2 *N. J.* 269 (1949); *Callahan v. National Lead Co.*, 4 *N. J.* 150 (1950).

The judgment under review will be reversed to the end that a *venire de novo* will issue.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT and BURLING—5.

*For affirmance*—None.