ALFRED D. ANTONIO, PLAINTIFF-RESPONDENT, v. LAWRENCE D. EDWARDS, TRADING AS L. D. EDWARDS AGENCY, DEFENDANT-APPELLANT.

Argued May 29, 1950—Decided June 19, 1950.

Mr. *Thomas J. Smith* argued the cause for appellant (*Messrs. Parsons, Labrecque, Canzona & Combs,* attorneys).

Mr. *Matthew F. Melko* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J.   The trial court held there were no issues for the jury's determination and granted judgment on the plaintiff's motion.   The defendant's appeal, taken to the Appellate Division of the Superior Court, was certified here on our own motion.

The suit arose out of a transaction concerning a tract of land in Manasquan owned by William Weir of Washington,

D. C.   A tenant, Herman Doctofsky, occupied a dwelling on a part of the tract.   Paul Cranmer, also Weir's tenant, occupied ·a small office building on a part of the lot facing on another street.   Doctofsky and Cranmer attempted to buy their respective lots and buildings from Weir, who refused to sell the separate parcels or to sell the entire tract at the price they offered.

After these negotiations failed, the defendant, a real estate agent, got in touch with the owner and obtained a price from him for the entire tract.   Edwards asserts Doctofsky initiated the transaction by asking him to acquire the property in his own name without disclosing Doctofsky's interest in the matter because of bad feeling between him and Weir growing out of earlier dealings.   Doctofsky denies this and insists that Edwards' agent first approached him and offered to sell him the house and land which he occupied.   Whoever initiated the transaction, the defendant, in pursuance of it, entered into a contract to purchase the property in the name of the L. D. Edwards Agency "for assignment to their client or clients" and, on the execution of it, paid Weir $2,000 which had been advanced by Doctofsky on account of the purchase price.

It was orally agreed by Doctofsky and the defendant's representative a survey was to be made in order to establish the line of demarcation between the Doctofsky and Cranmer lots and the survey was completed before the date set for closing title.   A contract embracing the entire transaction was to be prepared by the plaintiff, Doctofsky's attorney.   On his failure to act, the defendant drew up a contract which Doctofsky refused to sign because it did not contain a provision for a mortgage or survey.

Doctofsky meanwhile was encountering difficulty in placing the $12,000 mortgage he needed in order to purchase his part of the tract.   After being turned down by a bank and a building and loan association, he sought and secured the assistance of the defendant, who found a borrower ready and willing to make the mortgage loan.   Doctofsky then decided, apparently, not to complete the purchase and demanded the

return of the $2,000 he had advanced. The defendant, having paid the money over to the owner in consideration of the contract for the sale of the land, refused the demand, whereupon Doctofsky assigned his claim to the plaintiff, who brought this action for its recovery.

The case was tried before a jury. At the conclusion of the testimony, the plaintiff moved for judgment in his favor and the court granted the motion on the ground that the transaction amounted merely to preliminary negotiations from which the parties had a right to withdraw prior to the execution of a formal contract between them.

The defendant appeals from the judgment entered below, asserting the evidence raised a question of fact that should have been submitted to the jury.

In the pleadings and throughout the trial, the defendant contended he had acted as Doctofsky's agent, was under his supervision and had paid the $2,000 over to Weir with his full knowledge and consent. The testimony of Engle, his employee, supports this theory, he having stated that Doctofsky proposed and initiated the whole transaction. Further confirmation is found in the fact that Doctofsky admittedly gave Edwards the $2,000 which he, on the stand, referred to vaguely as "a deposit." Engle testified that the $2,000 was given to him by Doctofsky "to tie the property up as far as Mr. Weir was concerned." Engle's testimony in this respect is quite specific and highly credible since Doctofsky knew the land in question was owned by Weir. It is customary in the normal course of business to pay a part of the ultimate purchase price to the seller at the time of executing the contract for the sale of land. The facts here strongly suggest Doctofsky knew the deposit money would, and intended that it should, be paid to the owner of the property.

The plaintiff, on the contrary, says Edwards acted on his own initiative in contracting to buy the land from Weir and arranging to resell it to Weir's tenants. Doctofsky denied all knowledge of the contract between the defendant and Weir. It is urged that Edwards, acting as a principal and for his

own account, had no authority to pay out the deposit money and is therefore liable for its return. In support of this argument, Doctofsky denied having proposed the transaction and, on the contrary, testified that Engle first broached to him the suggestion that he buy the house and lot which he occupied.

In this state of conflicting evidence, the court below granted the plaintiff's motion for judgment, holding there were no facts in dispute which should be passed upon by a jury and that no formal contract had been proven.

Whether the defendant was an agent of Doctofsky or acted in this matter as an independent principal and what the parties had agreed to as to the controverted contract, are material issues to be decided and the facts upon which the determination of them depends are sharply disputed.

Where fair-minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury. *Schwartz v. Rothman,* 1 *N. J.* 206 (1948) ; *Fischetto Paper Mill Supply, Inc., v. Quigley Co., Inc.,* 3 *N. J:* 149 (1949). Under the circumstances here, whether an agency existed was a factual question to be decided by the jury. *Dierkes v. Hauxhurst Land Co.,* 80 *N. J. L.* 369 *(E. & A.* 1911) ; *Cravenette Co. v. C. A. Woolsey, &c., Co.,* 103 *N. J. L.* 49 *(E. & A.* 1926).

The judgment is reversed and the cause remanded for trial *de novo.*

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.