12 N.J. Super. 45 (1951)
78 A.2d 915
BERNARD GENTILE, PLAINTIFF-RESPONDENT,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1951.
Decided February 13, 1951.
*47 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Carl T. Freggens argued the cause for the appellant (Mr. Edward S. Kirby, of counsel).
Mr. John E. Selser argued the cause for the respondent (Messrs. Selser & Shenier, attorneys); Mr. James A. McTague, on the brief).
*48 The opinion of the court was delivered by JAYNE, J.A.D.
The present litigation arose out of the occurrence of a mishap on January 13, 1949, in which a motor bus operated by the defendant collided with the plaintiff, a pedestrian, on River Road, in the Borough of Edgewater, Bergen County, New Jersey. The trial of the action was concluded by a jury verdict in favor of the plaintiff with an award to him of damages in the amount of $20,000. The sequential judgment is transmitted here for review by the defendant-appellant.
An abridged statement of the testimony relating to the circumstances accompanying and surrounding the occurrence of the collision will suffice to exhibit the background of the points debated in this appeal.
In the daylight of a clear afternoon the plaintiff paused at the westerly curb of River Road with the intention in mind to cross to the easterly side of the highway where he anticipated entering an expected north-bound bus. In making observations to the north he saw a relatively large motor truck parked along the westerly curb a few feet distant from him, but despite its intervening presence he saw the defendant's bus rapidly approaching from the north. It was then 100 or 150 feet distant from him. He nevertheless proceeded across the highway looking south. He next saw the south-bound bus an instant before the collision.
Motions were made on behalf of the defendant for the dismissal of the action at the close of the plaintiff's affirmative case and for a judgment for the defendant at the conclusion of the introduction of the evidence. Rules 3:41-2, 3:50. Both motions were denied by the trial judge and the propriety of the latter ruling is now vigorously challenged.
The contention in support of the motion in the trial court, as here, is that the conduct and deportment of the plaintiff is encompassed by the rationale of such cases as the following, in which it was resolved that the pedestrian was guilty of contributory negligence as a matter of law. Fitzhenry v. Consolidated Traction Co., 64 N.J.L. 674 (E. & A. 1900); McCormick v. Hesser, 77 N.J.L. 173 (Sup. Ct. 1908); *49 Hackney v. West Jersey & Seashore R.R. Co., 78 N.J.L. 454 (E. & A. 1909); Conrad v. Green, 94 A. 390 (Sup. Ct. 1915)  not elsewhere reported; Branigan v. Demarest, 109 N.J.L. 123 (E. & A. 1932); Laskowski v. Mankovich, 10 N.J. Misc. 441 (Sup. Ct. 1932); Rado v. Zlotnick, 7 N.J. Super. 197 (App. Div. 1950).
In the consideration of motions for the involuntary dismissal of an action, the present analogue of the superseded motion for a nonsuit, or for judgment for the defendant, the modern counterpart of the former motion for a direction of the verdict, it must be recognized that while the denominations of the motions have been refashioned (Rules 3:41-2, 3:50), the rules formerly applicable to the determination of such motions continue to survive.
The familiar rules which in such situations immediately capture the attention of our trial judges are:
1. Negligence is never presumed. It, or the circumstantial basis for the inference of it, must be established by competent proof. Oelschlaeger v. Hahne & Co., 2 N.J. 490 (1949); Callahan v. National Lead Co., 4 N.J. 150 (1950).
2. The existence of negligence and contributory negligence are pre-eminently questions of fact for the jury. Fox v. Great Atlantic and Pacific Tea Co., 84 N.J.L. 726 (E. & A. 1913); Branigan v. Demarest, supra; Shappell v. Apex Express, 131 N.J.L. 583 (E. & A. 1944).
3. The court must accept as true all evidence which supports the view of the party against whom the motion is made and must give him the benefit of all inferences which may logically and legitimately be drawn therefrom in his favor. Such continues to be the rule. Scarano v. Lindale, 121 N.J.L. 549 (E. & A. 1939); McKinney v. Public Service Interstate Transp. Co., 4 N.J. 229, 243 (1950).
4. To justify a dismissal or judgment for defendant upon such a motion on the ground of the contributory negligence of the plaintiff, the contributory negligence must clearly appear conclusively as a fact or by necessary exclusive inference from the proof. Danskin v. Pennsylvania R.R. Co., 79 N.J.L. 526 (E. & A. 1910); Ackerley v. Pennsylvania *50 R.R. Co., 130 N.J.L. 292 (E. & A. 1943); Willins v. Ludwig, 136 N.J.L. 208 (E. & A. 1947); Spence v. Maier, 137 N.J.L. 284 (Sup. Ct. 1948); affirmed, 1 N.J. 36 (1948); Bacak v. Hogya, 4 N.J. 417 (1950).
5. Where fair-minded men might honestly differ as to the conclusions to be drawn from the facts, whether controverted or uncontroverted, the question at issue should be submitted to the jury. Bennett v. Busch, 75 N.J.L. 240 (Sup. Ct. 1907); Finnegan v. Goerke Co., 106 N.J.L. 59 (E. & A. 1929); Lipschitz v. N.Y. and N.J. Produce Corp., 111 N.J.L. 392 (E. & A. 1933); Repasky v. Novich, 113 N.J.L. 126 (E. & A. 1934); Christine v. Mutual Grocery Co., 119 N.J.L. 149 (E. & A. 1937); Schwartz v. Rothman, 1 N.J. 206 (1948); Fischetto Paper Mill Supply v. Quigley Co., 3 N.J. 149 (1949); Antonio v. Edwards, 5 N.J. 48 (1950).
6. Where there are no disputed facts or disputed inferences to be drawn from the uncontroverted facts, it devolves upon the court to declare the judgment which the law imposes. Kaufman v. Pennsylvania R.R. Co., 2 N.J. 318 (1949).
7. The power of the trial judge to grant such a motion is not, however, restricted to an utter absence of all evidence of a contradictory purport. The "mere scintilla" of evidence rule does not obtain in this State. Sivak v. New Brunswick, 122 N.J.L. 197 (E. & A. 1939), and cases therein collated. We note recent statements: "It is well established that a case should be submitted to a jury unless there are no disputed facts or disputed inferences to be drawn from undisputed facts." Bachman Choc. Mfg. Co. v. Lehigh Wrhse. & Tr. Co., 1 N.J. 239, 243 (1949); Township of Parsippany-Troy Hills v. Bowman, 3 N.J. 97, 103 (1949), see concurring opinion, Id. 107.
8. Where there is no proof of actionable negligence for which the defendant can be lawfully held responsible, the question of the existence of contributory negligence is immaterial. Freschi v. Mason, 108 N.J.L. 272 (E. & A. 1931); Cohen v. Borough of Bradley Beach, 135 N.J.L. 276 (E. & A. 1947).
*51 To observe that nonsuits and directions of verdicts for defendants in negligence cases have been over the span of years relatively scarce is not astonishing. Negligence in the abstract is a nihility. Both negligence and reasonable care are relative terms. They derive their animation in the law of torts only when they are in articulation with a given body of factual conditions and circumstances. In the vast majority of the cases the aspect of the factual situation is made tremulous by divergent and contradictory evidence. The determination of the facts logically precedes the determination of the alleged negligence, and in all instances where the factual element is encircled by fair and reasonable controversy, the former function is exclusively within the province of the jury.
Moreover we may incidentally remark that in examining the early adjudications relating to individual conduct in the field of negligence, we must realize that the hypothetical person of reasonable vigilance, caution, and prudence is our contemporary and not our forefather. What the reasonably prudent individual would do or refrain from doing in our modern environment of hazards cannot rationally be measured today by the probable behavior of our ancestors in the conditions of the age in which they lived.
It is in the light of the foregoing rules and observations that we have undertaken a circumspect and comprehensive investigation of the transcript of the evidence introduced in the present case.
We discover that in several significant particulars the testimony was so distinctly discordant as to portray the occurrence of the collision in quite dissimilar settings of fact. The following references are illustrative: Did the plaintiff emerge from a point immediately in front of the parked truck or from a point 12 feet south of it? Did he walk or "dash" into the street? Had he progressed to at least the center of the highway before he was struck by the bus? Was the bus then traveling to the left of the center of the highway in the direction in which it was proceeding? Was the bus driver "speeding," operating the vehicle at 40 miles an hour, or 10 to *52 15 miles per hour? Were passengers so crowded in the front of the bus as to obstruct the view of the driver to his right?
Then there is an acknowledged circumstance which we do not ignore. In the immediate vicinity where the plaintiff undertook to cross, there was conspicuously painted on the surface of the pavement of the street a line and also in letters three feet in height the word "stop" facing the driver of a south-bound vehicle.
In the state of the evidence existing at the close of the trial, notwithstanding its manifest predominance in favor of the defendant, the trial judge did not in our opinion commit reversible error in the denial of the defendant's motion.
The appellant also assigns as a ground of appeal that the verdict is manifestly irreconcilable with the obvious preponderance of the evidence. This ground of appeal, we think, is not susceptible of successful refutation. The verdict viewed also in the light of the quantum of damages awarded clearly and convincingly appears to have been the product of mistake, passion, prejudice, or partiality.
The judgment is accordingly reversed and the action remanded to the Bergen County Court for a new trial.