FLEXMIR, INC., PLAINTIFF-APPELLANT, v. LINDEMAN & COMPANY, DEFENDANT-RESPONDENT.

Argued January 28, 1952—Decided February 14, 1952.

Mr. *Raymond W. Troy* argued the cause for the plaintiff-appellant (*Messrs. Lum, Fairlie & Foster,* attorneys; *Mr. Vincent P. Biunno* on the brief).

Mr. *Morris M. Schnitzer* argued the cause for the defendant-respondent (*Mr. Louis K. Press,* attorney).

The opinion of the court was delivered by

OLIPHANT, J.  This appeal is before the court on plaintiff's petition for certification, *Rule* 1:5–2(*d*), to review a judgment of the Appellate Division of the Superior Court reversing a judgment of the Law Division of that court entered as the result of a jury verdict in favor of the plaintiff in the sum of $9,269.60.

This case was previously before us, 4 *N. J.* 509 (1950), and as the facts are fully set forth in that opinion and also that of the Appellate Division, 14 *N. J. Super.* 379 (1951), we do not deem a review of them necessary here except to say that the suit is to recover damages resulting from an explosion and fire in plaintiff's plant alleged to have been caused by the use of an unsuitable grade of fuel oil furnished by the defendant in plaintiff's furnace.  The complaint charges negligence and a breach of an implied warranty.

By our former opinion we reversed the judgment of the trial court entered on defendant's motion for dismissal and remanded the cause for a trial *de novo*.  In that case we held there "were questions for a jury and not for the court."  We also said that the trial judge had erred in ruling that the plaintiff was required to negative the possibility that there might have been other causes for the fire and explosion, that "The test is one of probability.  The evidence must be such as to justify an inference of probability as distinguished from mere possibility."  4 *N. J.* 509 (1950).

The only question presented to the Appellate Division was whether or not the verdict of the jury was contrary to the weight of the evidence.  That court concluded it was improbable if not impossible for the oil furnished by the defendant to have caused the damage complained of and concluded its opinion by stating:

"In consequence of the inadequacy of the plaintiff's proofs to which we have specifically referred, we conclude that the verdict of the jury was not sufficiently supported by the evidence and that the judgment under review should be set aside.  *Hager v. Weber*, 7 *N. J.* 201 (1951)."

While a number of points are briefed and were argued on this appeal the principal question about which the case revolves is whether or not the verdict of the jury has support in the evidence or whether it is so contrary to the weight of the evidence as to give rise to the inescapable conclusion that it was the result of mistake, passion, prejudice or partiality.

■ The appeal in this case was argued in the Appellate Division June 18, 1951, and was decided July 6, 1951, shortly after the amendment of *Rule* 1:2–20(*a*) which was effective June 7, 1951. It is immaterial that the trial of the issues was had prior to the amendment of the rule for in either case the test is the same; the rule as amended merely incorporated into the language of the rule the decision of *Hager v. Weber*, 7 *N. J.* 201 (1951) which interpreted the rule as it had previously existed.

■■ The Appellate Division obviously indulged in weighing the evidence without regard to whether or not the result arrived at by the jury after weighing the evidence was the result of mistake, partiality, prejudice or passion. In so doing it transcended the legitimate bounds of its review of a jury verdict and its determination infringed upon plaintiff's constitutional right of a trial by jury. There is ample evidence in the case on which the jury could have premised a verdict in favor of the plaintiff. In making its determination with respect to the facts the Appellate Division apparently treated certain testimony given by the defendant's expert witnesses as if it was uncontradicted and absolute when such was not the case, and accordingly it attempted to analyze the case as if it was a scientific or mathematical problem, which could be determined with certainty, and in which only one correct answer could be arrived at. The evidence as a whole, however, was not so definite and absolute as to permit any such conclusions. The testimony with respect to the pertinent issues was not only confusing but conflicting, and necessitated the resolution of doubts and disputes by the jury, a function that cannot legitimately be done by an Appellate Court on a review of a jury verdict. There was

evidence on behalf of the plaintiff sufficient to justify an inference of probability that the oil furnished by the defendant was the cause of the explosion and fire.

The judgment of the Appellate Division is reversed and the judgment of the Law Division of the Superior Court entered in favor of the plaintiff is reinstated and entered here.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE and OLIPHANT—3.

*For affirmance*—Justices HEHER and BURLING—2.