30 N.J. Super. 402 (1954)
105 A.2d 26
STANLEY BARKOWSKI AND PATRICIA BARKOWSKI, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
STEPHEN W. CARROLL, TRADING AND DOING BUSINESS AS CARROLL PLAZA JR. HOTEL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1954.
Decided May 11, 1954.
*403 Before Judges EASTWOOD, JAYNE and SMALLEY.
Mr. J. Mortimer Rubenstein argued the cause for appellants (Mr. Earl T. Milsop, attorney).
Mr. Herman H. Singer argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
We are constrained to state that the fuzzy and indefinite record submitted to us for consideration in the appeal from the judgment rendered in this relatively simple case has occasioned much inconvenience and delay.
R.R. 7:16-3 ordains that where an action is tried in a county district court by the judge without a jury in which an appeal is taken, the judge shall include in the record to be certified to the Appellate Division a brief specific statement of his findings of fact and his conclusions of law in relation to the supporting facts, separately stated. If the parties have submitted written requests for findings of facts and conclusions of law which have been allowed or disallowed by the judge, they, together with the rulings of the court thereon, shall be included in the record. R.R. 7:16-4.
*404 Where the testimony introduced at the trial has not been stenographically recorded, we are obviously confined to the consideration of the court's statement of the evidence in lieu of record. This the trial judge has supplied, but in undertaking to review the propriety of his decision and the consequent judgment we are as helpless as a turtle on its back without an authentic and specific expression of his essentially relevant factual findings and legal conclusions.
This appeal was listed on the calendar for argument on January 18, 1954. Our pre-examination of the record disclosed its incompleteness. The appeal was nevertheless retained but the record was remanded to the trial court for "supplemental and more complete findings of fact." It must be again remanded.
We need from the trial court a definite, not an implicit, declaration of his factual determinations relative to the issues projected by the pleadings.
1. Was the relation between the parties that of innkeeper and guest or that of landlord and tenant?
It does not suffice to inform us that there was "testimony that the plaintiffs paid rent on a monthly basis and that the building contained less than fifteen rooms," and that it was not a hotel to which the statutes R.S. 29:2-1 and R.S. 29:1-11 were applicable. For illustration, was the relationship of the parties in the occupancy of the building resolved for the reason that the building was not defined as a hotel embraced by the provisions of the cited statutes? Was it an inn or hotel within the import of the common law, or despite that fact was it determined that the circumstances disclosed that the plaintiffs were tenants and not guests?
2. Was it determined as a fact that the currency and the clothing were in the plaintiffs' room and stolen therefrom? Manifestly if the plaintiffs failed adequately to prove those facts, such a finding was of itself dispositive of the action.
3. Contributory negligence was not averred by the defendant in the answer. Was it an issue at the trial? See R.R. 4:15-2; R.R. 5:2-1; R.R. 7:1-3. Was the defendant determined to have been negligent as alleged in the *405 second count of the complaint? If not, contributory negligence is immaterial. Gentile v. Public Service Coordinated Transport, 12 N.J. Super. 45, 50 (App. Div. 1951).
The record is again remanded to the end that it shall contain responses to the inquiries herein specifically propounded and such other authentic information as the trial judge may desire to present relating to his conclusions. Meanwhile, the appeal will be retained.