SAMUEL LEVENSON, TRADING AS PRUDENTIAL FLOUR CO., PLAINTIFF-APPELLANT, v. ALBERT W. ERX-LEBEN, DEFENDANT-RESPONDENT.

Argued October 18, 1946—Decided January 17, 1947.

For the plaintiff-appellant, *Samuel S. Ferster*.

For the defendant-respondent, *Mario Turtur*.

The opinion of the court was delivered by

WACHENFELD, J. This is an appeal from a Supreme Court issue at the Circuit in which after trial a judgment for the defendant was entered on the verdict of a jury.

The defendant was engaged in the bakery business in Elizabeth, and the plaintiff alleges a written contract was entered into whereby the defendant agreed to purchase and the plaintiff agreed to sell 1,200 sacks of flour at a certain price; that the defendant breached this contract, whereby the plaintiff suffered damages. The making of the contract was denied by the defendant and it was asserted the signature in question was produced by fraud and misrepresentation.

The appellant on oral argument abandoned the first ground of appeal concerning novation, leaving the following issues to be disposed of: (1) Alleged error by the trial judge at the close of the case in refusing to charge as requested and refusing to recall the jury and give further instructions. (2) Abuse of discretion by the trial judge in denying an application for a rule to show cause why the verdict in favor of the defendant should not be set aside and a new trial ordered and the right to take depositions.

There were no written requests to charge submitted, but at the end of the court's charge and after the jury had been excused, counsel for the appellant, praying an exception, amongst other things said: "Now, I contend that my request to charge was set forth in the case of *Murphy* v. *Cane,* in 82 *Atl. Rep.* 854, where the court in one syllabi said this. * * *"

The court: "I want the record to show that the court had no requests to charge submitted to him," to which counsel replied:

"Of course, I called your Honor's attention to it before the charge."

The trial court then disposed of the matter by putting upon the record the following: "Let the record show that at the conclusion of both summations counsel for the plaintiff did submit the Atlantic Reporter containing citation of *Murphy* v. *Cane* but at no time was there any written request to charge and certainly no written requests were submitted before summation."

The rule of procedure is settled that matters of law which either party desires to have charged shall be submitted in writing to the court before the charge is begun. *Mead* v. *State,* 53 *N. J. L.* 601; *Dunne* v. *Jersey City Galvanizing Co.,* 73 *Id.* 586; *Lambert* v. *Trenton and Mercer County Traction Co.,* 103 *Id.* 23; *Tarnow* v. *Hudson and Manhattan Railroad,* 120 *Id.* 505.

There was no error on the part of the trial judge in refusing to recall the jury or to further charge them under the circumstances as shown by the record.

Affidavits were submitted by both sides on the application for a rule to show cause why a new trial should not be granted and they presented a sharp issue of fact.

The appellant produced a sheet of paper dated February 1st, 1944, purporting to be signed by the defendant, authorizing his wife to make purchases of flour, while the defendant swore he was in Florida at the time and could not have signed and did not sign the paper in question, stating emphatically that the signature was a forgery.

Before a new trial on the ground of newly discovered evidence is granted, the court should be of the opinion that the

evidence would probably change the result, and it must also appear that due diligence was exercised to obtain the evidence at the former trial. *Miller* v. *Ross*, 43 *N. J. L.* 552; *Hoban* v. *Sandford & Stillman Co.*, 64 *Id.* 426.

The sheet of paper in question was found by the appellant two months after the trial. He explained it was misplaced in his files. It was not an original nor a duplicate original. The writing was the appellant's and the signature purporting to be the defendant's was vehemently denied by him.

The jury returned a verdict for the defendant after deliberating only four minutes. The quickness with which the jury's conclusion was reached indicates the convincingness of the testimony submitted on behalf of the defendant, and there is grave doubt if this so-called newly discovered evidence would have changed the result. Clearly there was no abuse of discretion by the trial judge under these circumstances.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.