13 N.J. Super. 350 (1951)
80 A.2d 570
HERMAN BARDACK, PLAINTIFF-RESPONDENT,
v.
MORRIS EXTRACT AND INTERNATIONAL LADIES GARMENT WORKERS UNION, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 16, 1951.
Decided May 2, 1951.
*352 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. Alexander Seclow argued the cause for the plaintiff-respondent (Messrs. Townsend & Doyle, attorneys; Mr. Thomas F. Doyle, of counsel).
Mr. Abraham J. Slurzberg argued the cause for the defendants-appellants (Mr. George P. Moser, attorney).
*353 The opinion of the court was delivered by EASTWOOD, J.A.D.
The plaintiff-respondent, Herman Bardack, a pedestrian, was awarded damages in the sum of $25,000 against the defendants-appellants, Morris Extract and International Ladies Garment Workers Union (hereinafter referred to as the "union"), for injuries suffered when struck by the car of the union operated by its employee. Morris Extract, at the intersection of Hudson Boulevard and Montgomery Street, in Jersey City. A motion for a new trial was denied.
In support of their appeal, the defendants allege that the court erred in admitting incompetent evidence to establish loss of profits suffered by plaintiff, "which evidence is speculative and remote and inconsistent and contradictory to the trial court's ruling"; that the verdict was contrary to the weight of the evidence; and that the verdict of $25,000 is excessive.
For the purpose of our determination, a condensed version of the evidence will suffice. The accident occurred at approximately 10:30 P.M. on January 12, 1948. The weather at the time was rainy and sleety. According to the plaintiff, when he reached the southeast corner of Montgomery Street and the boulevard, and before starting across the boulevard, he saw that the traffic lights were in his favor; that to his left two cars were parked abreast and diagonally west on the opposite corner were three other cars, one of which was the defendant's; that due to a previous storm, there were snow piles in both gutters of the boulevard and it was narrower than usual; that he proceeded on the crosswalk directly to the other side of the boulevard; that when he had reached a point approximately four feet from the westerly curb, he was struck by the union's car which was proceeding southerly down the boulevard after crossing Montgomery Street; that he was dragged ten or twelve feet; and that the light was still green when he was hit. On the contrary, the substance of defendants' testimony was that when Morris Extract reached the intersection he stopped for a red light, with a car *354 alongside him proceeding south on the boulevard; that when the light changed he crossed Montgomery Street with the other car on his left preceding him; that he struck the plaintiff at a point 50 feet in from the far or southerly crosswalk of Montgomery Street; that at no time before the impact did he see the plaintiff, although he made an observation when the light changed to green and before he started up. The defendants introduced other testimony that the plaintiff had come from the corner over a snow bank, having cut diagonally across the boulevard; that at the time of the accident the lights were against Bardack and green for the defendant; that the plaintiff was found on the ground 50 feet from the corner. From the foregoing abbreviated recital of the proofs, it is obvious the factual issue was in sharp dispute and the resolution of the issues of negligence and contributory negligence were properly entrusted to the jury. "* * * the verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion." Bowen v. Healy's Inc., 16 N.J. Misc. 113, 116 (Sup. Ct. 1938). The existence of negligence and contributory negligence are preeminently questions of fact for the jury. Shappell v. Apex Express, 131 N.J.L. 583 (E. & A. 1944); Nusser v. United Parcel Service of N.Y., Inc., 3 N.J. Super. 64 (App. Div. 1949). But the defendants argue that "An analysis of the testimony will demonstrate that the plaintiff should be adjudged guilty of contributory negligence as a matter of law." To yield to this contention, we would have to accept the testimony of defendants' witnesses as the conclusive and accurate recital of the facts and circumstances surrounding the accident and repudiate the plaintiff's testimony and legitimate inferences. To pursue that course we would necessarily usurp the prerogative of the jury and violate a settled rule of law that has been consistently followed by our courts for many years. Where, as here, fair-minded men might honestly differ as to the conclusions to be drawn from the facts, the question at issue should be submitted to the *355 jury. Schwartz v. Rothman, 1 N.J. 206 (1948); Fischetto Paper Mill Supply v. Quigley Co., 3 N.J. 149 (1949); Antonio v. Edwards, 5 N.J. 48 (1950). "It is well established that a case should be submitted to a jury unless there are no disputed facts or disputed inferences to be drawn from undisputed facts." Bachman Choc. Mfg. Co. v. Lehigh Wrhse. & Tr. Co., 1 N.J. 239, 243 (1949); Township of Parsippany-Troy Hills v. Bowman, 3 N.J. 97, 103 (1949).
The verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless it clearly evinces that it is the result of mistake, partiality, prejudice, or passion. "The mere fact that the award of damages is immoderate and excessive does not conclusively indicate that the verdict was the product of sympathy, passion or prejudice." Bowen v. Healy's, Inc., supra, at p. 116. Our consideration of all the evidence clearly indicates circumstances from which legitimate inferences may reasonably be drawn that there was negligence on the part of the defendants that proximately caused the injuries suffered by the plaintiff and his consequential damages. See Morsey v. Erle, 4 N.J. 276, 280 (1950).
We are not in accord with the defendants' contention that the verdict for $25,000 is excessive. There was testimony that the plaintiff was seriously injured; that he suffered a group of fractures of the pelvic bone at the hip joint; that the continuity and shape of the socket were destroyed; that there was an impairment of the function of the hip and atrophy of the right thigh, causing permanent injury to the leg; that there is a shortening of approximately 5/8 inch to the leg and he walks with a marked limp; that these conditions are permanent and the shortening will be increased; that the injury to the bone and cartilage have caused traumatic arthritis, which is painful and progresive; that he was confined to a hospital for six weeks; that on leaving the hospital he used crutches and was confined to his home for four weeks thereafter; that after discarding his crutches, he used a cane for eight or nine weeks more; that in addition to his pain and *356 suffering, out-of-pocket expenses, and the loss of earnings, the permanent condition from which he suffers interferes with the full performance of his duties in the real estate brokerage business, thereby affecting his earning powers. The defendants argue that "there is no reported case that sustains such an award." In the recent case of Dandrea v. Centofante, 13 N.J. Super. 445 (App. Div. 1951), the applicable rule was aptly stated, to wit: "The admeasurement of compensatory damages in actions for the injurious consequences of personal torts is not gauged by any established graduated scale. In our procedure the appraisal is entrusted to the sound discretion of the jury. Thus it has long been the practice of our courts to refrain from interfering with a verdict on the mere ground of excessive damages unless the award is manifestly unsupported by the evidence and obviously unjust. Vreeland v. Berry, 21 N.J.L. 183, 187 (Sup. Ct. 1847); Salvato v. N.J. Asphalt & Paving Co., 135 N.J.L. 185, 189 (E. & A. 1947)." In addition, the jury in calculating the amount of damages that would reasonably and properly compensate the plaintiff were warranted in giving consideration to existing economic conditions, to wit: the high cost of living and the decrease in the purchasing power of the dollar. Nusser v. United Parcel Service of N.Y., Inc., supra.
The defendants further contend that there were certain inconsistent and contradictory statements in the court's charge with respect to the measure of damages to which the plaintiff was entitled because of loss of profit from his business  inconsistent and contradictory to the trial court's previous ruling made in the presence of the jury. The defendants failed to make timely and appropriate objections, in conformity with Rule 3:51. In fact, at the conclusion of the charge, the court posed this question to counsel: "Are there any objections?" Trial counsel for the respective parties answered in the negative. "The defendants, moreover, failed `either before or at the close of the evidence * * * to file written requests that the court instruct the jury on the law as set forth in the requests,' in line with the opening sentence *357 of Rule 3:51. This provision of the rule incorporates the long established practice in this State, Levenson v. Erxleben, 135 N.J.L. 127 (E. & A. 1946). Nor did the defendants comply with the further provisions of this rule that `No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.'" J.B. Wolfe, Inc., v. Salkind, 3 N.J. 312 (1949), at p. 316.
We find no merit in the other grounds of appeal urged by defendants.
Affirmed, with costs.